OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION ET AL., APPELLANTS, *v.* UNIVERSITY OF CINCINNATI ET AL., APPELLEES.

(No. C-810127—Decided February 3, 1982.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee* and *Mr. James E. Melle,* for appellants.

*Messrs. Beckman, Lavercomb, Fox & Weil* and *Mr. Kenneth R. Faller,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The facts of this cause as revealed by the stipulations filed in the court below are: One of the appellants,[1] the Ohio Civil Service Employees Association, (OCSEA), is a labor union which was engaged in an organizational effort at the University of Cincinnati during the

---

[1] The other appellants are members and officers of the Ohio Civil Service Employees Association.

middle of 1980. This effort was an attempt to recruit non-teaching personnel employed by the university into bargaining units which would be recognized by the university. As part of this effort, OCSEA received dues deduction authorizations from one hundred fifty-five employees.[2] These authorizations were in the form of dues "check-off" cards signed by the employees authorizing the deduction of union dues from their paychecks.

On July 25, 1980, OCSEA's executive director, by letter addressed to University of Cincinnati President Henry Winkler, requested that the university begin processing payroll dues deductions for all university employees that had then or thereafter provided the necessary authorization. The University of Cincinnati refused the director's request indicating that it was university policy not to accord dues deductions to members of labor organizations not recognized for collective bargaining purposes. Thereafter, OCSEA presented the university with approximately one hundred fifty-five dues deduction cards and asked that they be presented to the University Board of Trustees and that the dues be deducted from the employees' paychecks. The university took no action on this request.

The appellants filed suit against the appellees on September 18, 1980, asking for injunctive relief, mandamus and damages. On that same date the appellants filed a motion for a preliminary injunction and a motion to certify the cause as a class action. The appellees answered and moved for summary judgment. In their memoranda in support of their motion for a preliminary injunction and in opposition to the appellees' motion for summary judgment, the appellants argued that certain portions of the appellees' answer and affidavit in support of their motion for summary judgment should be stricken. The portions of these pleadings to which the appellants objected were those describing the university's policy of not according dues deductions to members of labor organizations not recognized by the university for collective bargaining purposes. The record in this cause indicates that the lower court treated the appellants' arguments on this point as a motion to strike.

The court below heard argument on these various motions and by entry dated January 23, 1981, granted the appellees' motion for summary judgment and denied all of the appellants' motions. The instant appeal derives from that judgment.

The appellants assign five errors. The second assignment of error is the most salient and will be addressed first. The appellants' second assignment is that the lower court erred in construing R.C. 9.41 to grant public employers the discretion to permit dues deductions for the benefit of any specific labor organization. The appellants argue that the statute does not grant this discretion to public employers and that, absent a waiver by the employee, the employer has a mandatory duty to deduct union dues from the employees' wages.

We cannot agree.

Analysis of this assignment requires construction of R.C. 9.41 which provides:

"Notwithstanding section 1321.32 of the Revised Code, the state of Ohio and any of its political subdivisions or instrumentalities *may* checkoff on the wages of public employees for the payment of dues to a labor organization or other organization of public employees upon written authorization by the public employee. Such authorization may be revocable by written notice upon the will of the employee.

"A labor organization or other organization of public employees receiving such checkoff of dues may be required by the state of Ohio and any of its political

---

[2] The majority of these employees were already members of the recognized bargaining unit of the American Federation of State County and Municipal Employees.

subdivisions or instrumentalities to defray the actual cost of making such deductions." (Emphasis added.)

The appellants argue that despite the provision stating that instrumentalities of the state of Ohio "* * * may checkoff on the wages of public employees for the payment of dues to a labor organization * * *," the statute imposes a mandatory duty on the University of Cincinnati to deduct dues from employees' wages upon proper authorization. The appellees retort that this language must be construed to be permissive and to impart discretion to the university as to whether dues deductions will be accorded its employees.

The rule in Ohio regarding the proper construction of the word "may" when used in a statute is provided in the first paragraph of the syllabus to *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102 [56 O.O.2d 58]:

"In statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage."

Thus, a presumption arises that generally "may" is a permissive term and its use in a statute imparts discretion to the party or parties whose conduct is governed by a statute containing it. This presumption may, however, be rebutted by a showing of a clear and unequivocal legislative intent that the word should be given a meaning other than that which it is ordinarily given.

In the instant cause, the appellants have posited numerous arguments attempting to show a legislative intent that the use of "may" in R.C. 9.41 imposes a mandatory rather than discretionary role on the University of Cincinnati. None of these arguments avail because they do not show a clear and unequivocal legislative intent to give the word "may," in the context of R.C. 9.41, a meaning other than that which it is normally given. The ap-

pellants have not directed us to and we have been unable, independently, to locate any legal authority which demonstrates that the Ohio General Assembly clearly and unequivocally intended to impose a mandatory duty on those institutions governed by R.C. 9.41 to checkoff union dues on the wages of public employees once they have been provided with the requisite authorization. In the absence of such a showing we must conclude that the use of "may" in R.C. 9.41 manifests the intent of the legislature to impart discretion to the university rather than to impose a mandatory obligation on it to process checkoff cards for union dues. Thus the appellants' second assignment of error is without merit and is overruled.

The first error assigned by the appellants is that the lower court erred in overruling the appellants' motion to strike certain portions of the appellees' answer and certain portions of the affidavit attached to the appellees' motion for summary judgment. As discussed earlier, the appellants objected to the portions of the answer and affidavit which described the university's policy of not according dues deductions to members of labor organizations which had not been recognized for collective bargaining purposes. The appellants argue that this policy is governed by the provisions. of R.C. 111.15, and that, since the policy was not promulgated in accordance with R.C. 111.15, it is invalid and may not be pleaded in the appellees' answer or included in the affidavit of the university's Manager of Employee and Labor Relations.

Assuming, *arguendo*, that the university's policy regarding dues deductions falls within the ambit of R.C. 111.15 and that the university's failure to promulgate that policy as a rule consistent with R.C. 111.15 renders the policy invalid, there remains, however, no basis in law for striking those portions of the appellees' answer and supporting affidavit com-

plained of by the appellants. The statements contained in the affidavit of the university's Manager of Employee and Labor Relations were relevant to the issues presented by this cause and were not rendered incompetent merely because they related to what the appellants claim was an invalidly promulgated university policy. The allegations contained in the appellees' answer concerning this policy were matters susceptible of proper pleading by way of answer to the appellants' complaint. Further, Civ. R. 12(F) provides that "* * * the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter." Our examination of the record reveals that the lower court did not abuse its discretion in determining that neither the appellees' answer nor the affidavit attached to the appellees' motion for summary judgment presented any of the infirmities listed in Civ. R. 12(F). For these reasons the appellants' first assignment of error is overruled.

The appellants' third assignment of error is that the lower court erred as a matter of law in granting the appellees' motion for summary judgment. The appellants argue here, as they did in the court below, that the University of Cincinnati's refusal to accord dues deductions to OCSEA members violates appellants' rights to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and infringes upon their rights to free association as guaranteed by the First Amendment to the United States Constitution.

Both parties agree that the universi-ty's policy of not according dues deductions to members of labor organizations not recognized by the university for collective bargaining purposes must only be rationally related to a legitimate university interest in order to survive scrutiny under the Equal Protection Clause of the Fourteenth Amendment. The university asserts three interests in support of its policy: the administrative inconvenience and burden involved in deducting dues for members of unions with small memberships, the university's use of dues deduction as a bargaining chip in the negotiation of contracts with labor organizations, and the disruptive impact unrestricted dues deduction might have on labor relations at the university.[3]

We are satisfied that these interests are legitimate. As pointed out by the appellees, a public employer's interest in maintaining stable labor relations has been repeatedly recognized as a legitimate basis for a practice of according dues checkoff deductions only to members of recognized bargaining units. The administrative burden and expense involved in granting dues deductions to all who ask and the use of dues deductions as a bargaining chip are clearly legitimate interests of a public institution desirous of operating in an economically efficient manner.[4] Since we are equally satisfied that the university policy challenged by the appellants is rationally related to achieving the above listed interests, we are compelled to hold that the policy is not violative of the Fourteenth Amendment's Equal Protection Clause.

Lastly it is clear that the policy in question does not impinge, in any judicially recognized manner, upon the ap-

---

[3] These interests were delineated in the affidavit of the university's Manager of Employee and Labor Relations which was attached to the appellees' motion for summary judgment.

[4] In *Charlotte* v. *Local 660, Intl. Assn. of*

*Firefighters* (1976), 426 U.S. 283, the United States Supreme Court, at page 286, explicitly recognized the interest of avoiding the burden and expense associated with according dues deductions to all who ask as a "sufficient justification" for not according dues deductions to members of a labor union.

pellants' First Amendment associational rights. The appellants cite no authority in support of their claim that the university's policy violates their right to free association. The weight of authority is, in fact, contrary to their position. Given this absence of authority to support their claim we must hold that the appellants' argument is without merit. The appellants' third assignment of error is overruled.

The fourth error assigned by the appellants is that the lower court erred in excluding OCSEA's executive director's testimony "* * * explaining his union's experience in obtaining dues checkoff under R.C. 9.41 at other state supported universities in Ohio." The appellants argue this testimony was relevant to determine the meaning of R.C. 9.41 and was admissible under R.C. 1.49(F) which provides:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"* * *

"(F) The administrative construction of the statute."

The appellants' assignment does not avail.

Under the provisions of R.C. 1.49(F) evidence of the administrative construction of a statute may only be considered if the statute in question is ambiguous. The language of R.C. 9.41, the statute to which the excluded testimony related, is, however, unambiguous. In their argument in support of this assignment of error, the appellants fail to point out any ambiguity in the statute. As we discussed in our response to the appellants' second assignment of error, the meaning of R.C. 9.41 is evident from giving the language used its usual and ordinary meaning. Thus R.C. 1.49(F) is inapplicable to the instant cause.

Neither is the evidence relevant within the meaning of Evid. R. 401. As we previously held, R.C. 9.41 imparts discretionary authority to all the public institu-tions governed by the statute to checkoff union dues. Given the discretionary nature of this authority, the practice of other institutions concerning dues deductions is irrelevant to the question of whether the appellees abused their discretion in refusing to checkoff the dues of OCSEA members.

Further, the appellants' assertion that this testimony is relevant is antithetical to their argument that R.C. 9.41 imposes a mandatory duty on public institutions to deduct union dues upon request. If the duty is mandatory, then dues deductions must be accorded to all who request it upon proper authorization. Under this interpretation of the statute the practice of other state supported universities in deducting dues would be clearly irrelevant since the statutory duty would leave them no room to interpret the statute or exercise any discretion. Since the testimony would have been irrelevant even if the appellants had prevailed on their interpretation of R.C. 9.41, its exclusion by the court below was not prejudicial to the appellants. The appellants' fourth assignment of error is overruled.

The appellants' last assignment of error is that the lower court erred in granting the appellees' motion for summary judgment because "* * * there are genuine issues of material fact and reasonable minds could differ." Our examination of the record reveals, however, that the lower court did not err in granting the appellees' motion for summary judgment because there is no genuine issue as to any material fact that the appellees did not wrongfully decline to accord dues checkoff to OCSEA members. As such, we are compelled to hold that the appellants' last assignment of error is without merit and must be overruled.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and DOAN, JJ., concur.