The STATE EX REL. LEWIS, Appellant,

v.

LAWRENCE COUNTY, Appellee.

[Cite as *State ex rel. Lewis v. Lawrence Cty.* (1994), 95 Ohio App.3d 565.]

Court of Appeals of Ohio,
Lawrence County.

No. 93–CA–39.

Decided July 1, 1994.

*David E. Lewis, pro se.*

*Charles Cooper,* Assistant Lawrence County Prosecuting Attorney, for appellee.

Harsha, Presiding Judge.

Appellant David E. Lewis appeals the trial court's denial of his petition for a writ of mandamus, in which appellant sought to have the trial court seal records from a criminal case in Lawrence County. He asserts the following assignments of error:

"1. The common pleas court erred to the prejudice of relator, in dismissing relator's mandamus [sic].

"2. The court of common pleas erred to the prejudice of relator, in not complying with Section[s] 2953.52(B)(1) [and] (B)(2)(A) [sic] of the Ohio Revised Code.

"3. The court of common pleas erred to the prejudice or [sic] relator, by allowing Judge Donald Cox, rule [sic] on his mandamus."

This appeal arises from the following facts.

■ Although the record in this case is exceedingly sparse, apparently appellant was indicted on five counts in 1989. He was eventually found guilty of Count Five in the indictment, charging him with rape. The other four counts were either *nolle prosequi* or dismissed. Appellant then filed a mandamus action to have the records sealed regarding the four counts for which he was not convicted.[1]

We will consider appellant's first two assignments of error together. R.C. 2953.52 states in pertinent part:

"Any person, *who is found not guilty of an offense* by a jury or a court, or who is the defendant named in a dismissed *complaint, indictment, or information,* may apply to the court for an order to seal his official records in the case. *Except as provided in section 2953.61,* the application may be filed at any time after the finding of not guilty or the dismissal * * *." (Emphasis added.)

The statute generally provides a means of sealing records for defendants who are eventually exonerated.[2]

---

**1.** A writ of mandamus is generally used in situations in which the relator has no "plain and adequate remedy in the ordinary course of law." *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. Because R.C. 2953.52 expressly allows a party to file a motion to seal records, appellant has an adequate legal remedy, and thus a writ of mandamus is inappropriate in this case. However, in the interest of justice, we will treat his petition for writ of mandamus as simply an application to seal his record under R.C. 2953.52.

**2.** Originally, the Ohio Revised Code provided "expungement" only for convicted "first offenders," who then had to wait either one or three years after their release from prison, depending upon whether their crime was a felony or misdemeanor. See R.C. 2953.32. The Supreme Court of Ohio, recognizing the inequity of the fact that no method of expungement

■ The statute does not, however, operate for the purpose for which appellant is attempting to use it. To qualify under the statute, the appellant must either (1) be found not guilty of an offense by a jury or court or (2) be a named defendant in a *dismissed complaint, indictment, or information.*

Appellant in this case does not meet either criterion. He was convicted by a jury for the crime of rape, and the record does not reveal any offense for which appellant was found to be not guilty by a jury or a court. Further, although several *counts* in the indictment against appellant were either dismissed or *nolle prosequi,* neither a complaint nor an indictment was dismissed against appellant. In other words, the statute requires that an indictment against the appellant be dismissed, not merely a count in an indictment.

■ Additionally, the statute also indicates that its provisions are subject to the limitations stated in R.C. 2953.61. R.C. 2953.61 reads:

"When a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court * * * pursuant to * * * 2953.32 * * *."

While the record does not conclusively reveal whether all five counts in the indictment resulted from the same act, appellant has failed to demonstrate that the indictments were a result of separate acts. Instead, appellant merely states in conclusory fashion that the counts were "unrelated" and not "allied offenses of similar import." Because appellant has not shown that the five counts were a result of separate acts, R.C. 2953.61 also prevents appellant from presently being able to seal the records. Appellant's first two assignments of error are therefore overruled.

■ Finally, appellant also claims that the trial judge should have recused himself from the determination of his writ of mandamus. While we do not think appellant has shown any evidence to require the recusal of the trial judge, any possible error must be deemed harmless. The statute appellant relies on simply does not provide the relief he seeks from his petition for writ of mandamus. As a result, any potential bias on the part of the trial judge could have had no effect on

existed for arrestees who were found innocent, gave courts the inherent power to seal the records for arrestees who were not convicted. See *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 20 O.O.3d 334, 421 N.E.2d 1303. The Ohio General Assembly later codified the basic holding of *Pepper Pike,* and set forth more explicitly the methods by which an arrestee who was not convicted may attempt to have the records of the arrest sealed. It is those provisions we are asked to interpret today.

the determination of appellant's motion. Appellant's third assignment of error is thus overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON and PETER B. ABELE, JJ., concur.