CITY OF FAIRBORN, Appellee,

v.

DEDOMENICO, Appellant.

[Cite as *Fairborn v. DeDomenico* (1996), 114 Ohio App.3d 590.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 96 CA 34.

Decided Oct. 4, 1996.

*Michael A. Mayer,* Assistant Prosecuting Attorney of City of Fairborn, for appellee.

*Rock & Micella, L.P.A.,* and *W. Randall Rock,* for appellant.

---

FREDERICK N. YOUNG, Judge.

This case comes to us from Fairborn Municipal Court in Greene County. Appellant Rita DeDomenico appeals the lower court's denial of her application to seal the record of her convictions for violations of Fairborn City ordinances.

On August 26, 1993, DeDomenico was found guilty of failing to keep an assured distance in violation of Fairborn City Ordinances 331.13, and of leaving the scene of an accident in violation of Fairborn City Ordinances 331.10. Over one year later, on November 2, 1994, DeDomenico filed an application, in accordance with R.C. 2953.32, to have her record expunged. Over a full year after the application was filed, a hearing was held on January 27, 1996, before Judge Joe R. Fodal in the Municipal Court of Fairborn.

In his decision dated February 6, 1996, Judge Fodal held that he had no authority to grant the expungement. Judge Fodal reasoned that R.C. 2953.36, which states that certain violations of state traffic laws may not be expunged, applies with equal vigor to exclude expungement of violations of substantially similar municipal ordinances. Judge Fodal apparently concluded that because the state statute prohibited him from expunging traffic offenses defined by state law, the statute also prohibited him from expunging virtually identical offenses that happened to have been prosecuted under city ordinances.

DeDomenico appeals from Judge Fodal's determination and brings the following assignment of error:

"The trial courts [sic] decision and judgment denying defendant-appellant's application for sealing the record of conviction is contrary to law, against the weight of the evidence, and is an abuse of judicial discretion."

Essentially, DeDomenico asserts that Judge Fodal misconstrued R.C. 2953.36 by expanding it to prohibit expungement of offenses not contained in its express terms. We agree that Judge Fodal's industrious construction of R.C. 2953.36 broadens the scope of the statute without adequate substantiation of legislative assent. In our system of government, valid legislative enactments, even seemingly flawed or incomplete ones, may not be amended by judicial ukase.

R.C. 2953.36 reads, "Sections 2953.31 to 2953.35 of the Revised Code do not apply to convictions * * * under Chapter 4507, 4511 or 4549 of the Revised Code * * *." R.C. Chapters 4507, 4511, and 4549 all pertain to traffic violations. R.C. 4511.21(A) and 4549.03 are virtually identical to Fairborn City Ordinances 331.13 and 331.10, respectively. Both R.C. 4511.21(A) and City Ordinances 331.13 prohibit a person from driving a vehicle "at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead." Likewise, R.C. 4549.03 and City Ordinances 331.10 both prohibit in almost uniform terms leaving the scene of an accident.

Had DeDomenico been convicted of violating the state traffic laws, as she presumably could have been, she would not be entitled to expungement under R.C. 2953.32. However, even though the Fairborn ordinances faithfully mirror the state provisions, they are not excluded from expungement by the express

terms of R.C. 2953.36. Of course from time to time courts must look beyond the express terms of a statute in order to give effect to the legislature's intent. But we do so only cautiously, and only by reference to settled rules of statutory construction.

R.C. 1.11 states that "remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice." Ohio's expungement laws, R.C. 2953.31 *et seq.*, are remedial in nature. See *Barker v. State* (1980), 62 Ohio St.2d 35, 42, 16 O.O.3d 22, 26–27, 402 N.E.2d 550, 555. Furthermore, laws that define offenses or penalties are to be "strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). Thus, to the extent that R.C. 2953.36 is a remedial law defining offenses for exclusion from expungement procedures, it should be liberally construed in favor of DeDomenico.

Nevertheless, we find that no such liberal construction is necessary in this case. Another principle of statutory construction, *verbis standum ubi nulla ambiguitas,* controls our disposition here. Where there is no ambiguity, one must abide by the words. See, *e.g., State v. Waddell* (1995), 71 Ohio St.3d 630, 631, 646 N.E.2d 821, 821–822; *State ex rel Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997–998. R.C. 1.49 outlines the appropriate factors for a judicial determination of legislative intent, but authorizes such a determination "[i]f a statute is ambiguous." R.C. 1.49. R.C. 1.49 does not, however, authorize judicial inquiry into legislative intent where the statute is unambiguous. See *Ohio Civ. Serv. Emp. Assn. v. Univ. of Cincinnati* (1982), 3 Ohio App.3d 302, 306, 3 OBR 349, 352–353, 444 N.E.2d 1353, 1357–1358. Courts may not construe words that need no construction or interpret language that needs no interpretation. *State v. Rose* (1914), 89 Ohio St. 383, 389, 106 N.E. 50, 52, cited in *State v. Taniguchi* (1995), 74 Ohio St.3d 154, 656 N.E.2d 1286. Under Ohio law, when a statute is unambiguous, a court must only read and follow it. *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370. We find nothing ambiguous in the terms of R.C. 2953.36.

The language in related provisions supports our plain reading of R.C. 2953.36. Most notably, R.C. 2953.31(A), which defines "first offender" for purposes of expungement eligibility, reads, in part, as follows:

"For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, a conviction for a violation of any section in Chapter 4511., 4513., or 4549. of the Revised Code, *or a conviction for a violation of a municipal ordinance that is substantially similar to any section in those chapters,* is not a previous or subsequent conviction. A conviction for a violation of section 4511.19, 4511.192, 4511.251, 4549.02, 4549.021, 4549.03, 4549.042, or

4549.07, or sections 4549.41 to 4549.46 of the Revised Code, *or a conviction for a violation of a municipal ordinance that is substantially similar to any of those sections,* shall be considered a previous or subsequent conviction." (Emphasis added.)

While R.C. 2953.31(A) refers to many of the same violations as R.C. 2953.36, it includes municipal ordinances that are "substantially similar" to the named statutory sections for purposes of identifying prior and subsequent offenses. The exclusion of substantially similar municipal ordinances from R.C. 2953.36 is revealing. Had the legislature wished to include substantially similar municipal ordinances among the violations excluded by R.C. 2953.36, it could have specifically done so. That the legislature made no reference to municipal ordinances where it clearly could have if it so wished indicates that the omission was intentional. We are not empowered to second-guess the wisdom of this omission, or to alter the effect of this plain and unambiguous law. To the contrary, "[i]t is our duty to give effect to the words used in a statute." *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441. We are derelict in this duty when we give effect to words unused in a statute.

Accordingly, we hold that because R.C. 2953.36 does not exclude by its express terms any violations of municipal ordinances, Judge Fodal incorrectly invoked its prohibition on the expungement of certain offenses to deny DeDomenico's application. We express no opinion on the merits of DeDomenico's request for expungement of her record. The trial court is ordered to reconsider her application by reference to the guidelines in R.C. 2953.32 and without regard to the prohibitions contained in R.C. 2953.36.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GRADY and WOLFF, JJ., concur.