OPINION
Appellant, Jeffrey T. Hankins, appeals from a judgment of the Franklin County Municipal Court whereby the trial court denied appellant's application for expungement and sealing of records pertaining to his being charged with possessing an open container of beer in a public place in violation of R.C. 4301.62
and Westerville Codified City Ordinance 533.04.
On January 31, 1999, appellant was stopped for speeding by a Westerville police officer. While appellant was being detained, the police officer discovered that appellant was also in possession of an open container of beer. The police officer therefore charged appellant with speeding and with possessing an open container of beer in a public place. Subsequently, appellant entered into a plea bargain agreement with appellee, the state of Ohio. Pursuant to the agreement, appellant pled guilty to the speeding charge and the open container charge was dismissed.
Thereafter, appellant filed an application for expungement and sealing of records pertaining to his open container charge. During the hearing on the expungement application, the trial court told appellant that it would deny his expungement application because the open container charge was dismissed as a result of a plea bargain arrangement, rather than a "straight, outright dismissal"; thereby issuing a journal entry reiterating that it was denying appellant's expungement application. As well, the trial court indicated in the journal entry that it was denying the application because the government's interests in maintaining the records outweigh appellant's interests in sealing the records.
Appellant appeals, raising the following three assignments of error:
 I. THE COURT COMMITTED REVERSIBLE ERROR BY REFUSING TO ALLOW APPELLANT TO PRESENT EVIDENCE IN SUPPORT OF THE APPLICATION FOR EXPUNGEMENT AND SEALING OF RECORDS.
 II. THE COURT COMMITTED AN ABUSE OF DISCRETION BY FINDING, WITHOUT THE TAKING OF ANY EVIDENCE, THAT THE INTERESTS OF APPELLANT IN HAVING THE RECORDS SEALED DID NOT OUTWEIGH THE LEGITIMATE INTERESTS OF THE GOVERNMENT IN MAINTAINING THOSE RECORDS.
 III. THE COURT COMMITTED AN ABUSE OF DISCRETION BY SUBSTITUTING ITS SUBJECT[IVE] BELIEF AS TO THE INTERESTS OF BOTH THE GOVERNMENT AND OF APPELLANT AND IN USING THAT SUBJECTIVE BELIEF WHEN WEIGHING THE EVIDENCE TO DETERMINE WHETHER TO GRANT THE APPLICATION.
We first address appellee's claim that any error by the trial court in denying appellant's expungement application is non-prejudicial, because the trial court is otherwise barred under R.C. 2953.61 from considering appellant's application. We disagree with appellee's interpretation.
R.C. 2953.61 addresses situations where an individual is charged with two or more offenses as a result of, or in connection with, the same act, and where one of the charges has a final disposition that is different than the final disposition of the other charges. Appellee asserts that R.C. 2953.61 applies in this case because appellant's speeding and open container charges occurred in connection with the same act, which was appellant's driving a motor vehicle while speeding and possessing an open container.
Under circumstances governed by R.C. 2953.61, an individual may not apply to a trial court for the sealing of his or her record in any of the connected cases until he or she is able to apply to the trial court and have "all of the records in all of the cases pertaining to those charges sealed pursuant to * * * section 2953.32 and * * * section 2953.52 of the Revised Code." R.C. 2953.32, which addresses expungement of first-time convictions, and R.C. 2953.52, which addresses expungement of non-convictions, set timing requirements on when an individual may apply for expungement. Thus, when an individual is charged with multiple offenses as a result of, or in connection with, the same act, and when one of the charges has a disposition different than the final disposition of the other charges, R.C. 2953.61 dictates that the individual delay an application for expungement until he or she meets time requirements relating to all the charges as set forth in R.C. 2953.32 and 2953.52.
In this case, appellee argues that, because a speeding conviction is not an expungeable offense under R.C. 2953.36, appellant is precluded under R.C. 2953.61 from applying for an expungement of his open container charge because he would never meet the time requirements relating to all the charges in this case. Assuming that R.C. 2953.61 applies in this case, we conclude that appellant's speeding conviction does not bar him from applying for expungement of his open container charge.
Upon examining the expungement statute, we conclude that the Ohio Legislature did not intend for R.C. 2953.61 to allow a speeding conviction to preclude an individual from applying for an expungement of another otherwise expungeable offense. See Stateex rel. Cincinnati Post v. Cincinnati (1996), 76 Ohio St.3d 540,543, citing State v. S.R. (1992), 63 Ohio St.3d 590, 594
(outlining a court's duty to consider legislative intent when construing a statute).
First, we acknowledge that the preamble to Am.Sub.H.B. No. 175 specifies that the bill codified as R.C. 2953.61 was introduced in pertinent part to "require a longer waiting period before sealing the records of a person who has multiple charges brought as a result of a single act if the charges have different dispositions."
Second, we recognize that, to the extent the expungement statute contains sections that define offenses for exclusion from expungement procedures, we should construe the sections liberally in favor of appellant in order to assist the parties in obtaining justice. R.C. 1.11; Fairborn v. DeDomenico (1996), 114 Ohio App.3d 590,593; State v. McGinnis (1993), 90 Ohio App.3d 479,481. As well, we must construe the statute to avoid unreasonable or absurd results. Cincinnati, at 543.
Moreover, the Ohio Supreme Court has previously opined that the Ohio Legislature did not want relatively minor convictions such as speeding to operate as "a bar to expungement."State v. Yackley (1989), 43 Ohio St.3d 181, 183. Thus, it has already been established that the Ohio Legislature did not intend for an individual's previous speeding conviction to preclude the individual from applying as a "first offender" for an expungement of a conviction. R.C. 2953.31; Yackley, at 183. Therefore, we conclude that the legislature did not intend for R.C. 2953.61 to deny an individual from applying for an expungement of an otherwise expungeable non-convicted offense, merely because he or she has a contemporaneous speeding conviction.
Any decision prohibiting appellant from applying for expungement on the open container offense solely because the offense occurred in connection with a speeding conviction would not be in furtherance of justice and would lead to an unreasonable and unintended result. As an example, appellant would be eligible to apply for the sealing of records pertaining to the open container offense, whether or not he was convicted of the offense, had the speeding conviction occurred at a prior time, but, under appellee's proposal of law, he would be prohibited from doing so because the speeding citation was issued at the same time as the open container citation. See R.C. 2953.32 and 2953.52.
In support of its argument, appellee relies on the Lawrence County Court of Appeals decision in State ex. rel. Lewisv. Lawrence Cty. (1994), 95 Ohio App.3d 565. In Lawrence Cty., an individual sought to expunge records relating to four counts brought against him that were eventually dismissed. Id. at 567. The individual was simultaneously charged and convicted of one count of rape. Id. The court concluded, in part, that R.C.2953.61 had "prevent[ed] appellant from presently being able" to apply for expungement of the four dismissed counts. Id. at 568. Thus, the decision in Lawrence Cty., regarding R.C. 2953.61, hinged on the individual's not yet meeting all the time requirements that would allow him to apply for expungement on all connected cases, including the rape conviction. Such a decision does not address the issue before us regarding whether appellant's speeding conviction acts as an absolute bar to his application for expungement as to his open container charge and, therefore, has no bearing on our analysis in this case. Accordingly, we conclude that appellant's speeding conviction does not prohibit him from applying for expungement of the open container charge.
Next, we address the trial court's decision to deny appellant's expungement application, and conclude that the trial court did not make the proper determinations when it decided to deny the application.
An individual who is the defendant named in a dismissed complaint, indictment, or information may apply to the trial court for an order to seal official records in his or her case. R.C.2953.52(A)(1). The trial court must hold a hearing to consider the individual's expungement application. R.C. 2953.52(B)(1). When considering the application, the trial court must, in pertinent part, confirm whether the complaint, indictment, or information in the case was dismissed. R.C. 2953.52(B)(2)(a).
In this case, the trial court did not determine whether the complaint, indictment, or information in appellant's open container case was dismissed; rather, as noted above, the trial court denied appellant's application, in part, because the open container charge was dismissed as the result of a plea bargain arrangement, rather than being a "straight, outright dismissal." Neither the expungement statute nor relevant case law allow a trial court to deny an expungement application because the charge was dismissed as a result of a plea bargain arrangement rather than being a "straight, outright dismissal." See Lawrence Cty., at 568 [reiterating that R.C. 2953.52(B)(2)(a) only requires the trial court to consider whether an expungement applicant's complaint, indictment or information was dismissed]. Thus, in this case the trial court erred when it denied appellant's expungement application upon its finding that the open container charge was dismissed as the result of a plea bargain arrangement rather than being a "straight, outright dismissal."
Furthermore, a trial court must weigh and balance the interests of the individual seeking to have records sealed against legitimate governmental needs to maintain such records. R.C.2953.52(B)(2)(d); see, also, State v. Gilchrist, III (Dec. 7, 1994), Summit App. No. 16800, unreported (concluding, in part, that a trial court erred in denying an expungement application without weighing the parties' competing interests).
As noted above, at the hearing in this case the trial court found that it could not expunge records pertaining to the open container charge because the charge was dismissed as a result of a plea bargain. The trial court did not provide appellant with an opportunity to present evidence as to why his interests in having the records expunged outweigh appellee's interests in maintaining the records; nor does the hearing transcript or journal entry indicate that the trial court considered the issue.
Therefore, based on the reasons noted above, we find that the trial court erred in denying appellant's expungement application, and that appellant is entitled to a new hearing on the application.
Accordingly, appellant's assignments of error are sustained, and the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
PETREE, J., concurs.
LAZARUS, J., dissents.