DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas which denied appellant's request to expunge a conviction from his criminal record. Because we conclude that the trial court's decision was proper, we affirm.
In 1987, appellant, Jascha Chiaverini, pled guilty and was convicted of two counts of selling cocaine. Appellant served his sentence and probation which ended in December 1995. Apparently, appellant was a model prisoner and led an exemplary life since his conviction.
In June 2000, appellant applied to the trial court for expungement and sealing of his criminal record. Appellant did not meet the "first offender" status required by R.C. 2953.32 for statutory expungement, since he had several other convictions prior to 1985. However, appellant argued that, pursuant to the court's inherent powers, it had the authority under Ohio case law to grant appellant's request. The court determined that it did not have such inherent power in this case and denied appellant's application.
Appellant now appeals from that decision, arguing that the trial court erred in failing to consider appellant's application for expungement under its inherent powers.
R.C. 2953.32, et seq., permits a trial court to seal the criminal record of a first time offender. In Pepper Pike v. Doe (1981),66 Ohio St.2d 374, the Supreme Court of Ohio addressed the limited issue of whether a defendant charged with but not convicted of a criminal offense may seek the judicial remedy of expungement. In that case, the appellant's dismissed criminal charges had been filed as the result of the vindictive actions of the appellant's former husband and current wife. Affirming the trial court's order to expunge the appellant's criminal record, the court held that pursuant to judicial inherent powers granted by the Constitution, "even absent statutory authorization, trial courts in unusual and exceptional circumstances [may] expunge criminal records out of a concern for the preservation of the privacy interest. [Citations omitted.]" Id. at paragraph two of the syllabus. The court noted, however, that persons who had not been convicted were not automatically entitled to expungement; "[t]ypically, the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert." Id. at 377.
The Pepper Pike holding was codified in R.C. 2953.52 which now provides for the sealing of a defendant's criminal records after a finding of not guilty, a dismissal of a complaint, indictment, or information, or a no bill's entry by a grand jury. See State ex rel. Lewis v. Lawrence Cty.
(1994), 95 Ohio App.3d 565, 567, fn 2. The Supreme Court of Ohio later recognized that the expungement statutes no longer deem the government's interest in maintaining records more important than an individual's privacy interest. See State v. Bissantz (1988), 40 Ohio St.2d 112, 114.
Nevertheless, although the judicial power to grant an expungement request still exists, in our view, it is limited to cases where the accused has been acquitted or exonerated in some way and protection of the accused's privacy interest is paramount to prevent injustice. See InRe Application to Seal Record of No Bill (1999), 131 Ohio App.3d 399, 404
("'It is not enough merely for defendant to have been acquitted. Judicial expungement is an exceptional remedy to be employed where the equities of the situation demand it.' [Citations omitted.]"
We recently declined to extend the holding of Pepper Pike to permit a trial court to exercise its inherent powers in non-criminal expungement applications. See In re Haskin (Aug. 18, 2000, Lucas App. No. L-00-1064, unreported. Likewise, we decline to extend it to include a defendant who has been convicted of more than one crime.
In this case, appellant is not a first time offender nor does he fall within the purview of Pepper Pike v. Doe, supra or its codification in R.C. 2953.52. Therefore, the trial court did not err in finding that it had no authority to expunge appellant's criminal record.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Peter M. Handwork, J., Richard W. Knepper, J. CONCUR.
 ____________________________ James R. Sherck, J.
JUDGE