OPINION
{¶ 1} Defendant, Michael Williams, appeals from his conviction and sentence for possession of crack cocaine that was entered on his plea of no contest after the trial court had overruled Defendant's motion to dismiss this case for want of a speedy trial.
 {¶ 2} Defendant was arrested on October 31, 2001, for possession of crack cocaine. Defendant posted bail and was released from jail the next day, November 1, 2001.
 {¶ 3} On November 29, 2001, Defendant was indicted for possessing one gram or less of crack cocaine in violation of R.C.2925.11(A). A warrant was issued on the indictment. On December 14, 2001, the trial court set bond at $2,500 cash or surety. On January 3, 2002, Defendant was arrested on the warrant on the indictment. Defendant posted bail and was released from jail the following day, January 4, 2002.
 {¶ 4} On January 19, 2002, Defendant was arrested and jailed on murder and other charges in an unrelated case, 02-CR-235. On February 6, 2002, Defendant requested and was granted a continuance in this case until February 19, 2002. On February 20, 2002, another continuance was granted at Defendant's request until February 26, 2002. On April 2, 2002, at the request of the State, the trial court raised Defendant's bond in this case from $2,500 to $10,000 cash or surety. Defendant was unable to post bail and remained in jail both on this case and on other unrelated charges in Case No. 02-CR-235.
 {¶ 5} On April 3, 2002, Defendant filed a motion to suppress the evidence. Following a hearing the trial court overruled that motion on May 10, 2002. On July 31, 2002, Defendant filed a waiver of his speedy trial rights until December 31, 2002. On December 18, 2002, Defendant filed a waiver of his speedy trial rights until January 31, 2003. On January 15, 2003, Defendant filed a waiver of his speedy trial rights of unlimited duration, with no stated time limit or expiration date.
 {¶ 6} On June 4, 2003, Defendant filed a motion to dismiss this case based upon a claimed violation of his speedy trial rights. The trial court overruled Defendant's motion to dismiss on August 15, 2003, at which time Defendant withdrew his former plea of not guilty and entered a plea of no contest to the cocaine possession charge. The trial court found Defendant guilty and sentenced him to a six month prison term. The trial court gave Defendant credit for five hundred thirteen days in jail on this case which, as the court noted, exceeds the sentence imposed.
 {¶ 7} Defendant has timely appealed to this court. He challenges only the trial court's denial of his motion to dismiss on speedy trial grounds.
 {¶ 8} FIRST ASSIGNMENT OF ERROR
 {¶ 9} "The trial court erred by overruling defendant-Appellant's motion to dismiss when the defendant-appellant has been incarcerated for a time period in excess of the maximum period of incarceration possible for the alleged crime in violation of the defendant-appellant's constitutional equal protection and speedy trial rights."
 {¶ 10} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71 et seq. State v. Pachey (1980),64 Ohio St.2d 218, 221. The particular rights which that statutory scheme confers attach when criminal charges are placed against a defendant. They continue in operation so long as those charges remain pending, until he is brought to trial.
 {¶ 11} R.C. 2945.71(C)(2) requires the State to bring a person against whom a charge of felony is pending to trial within two hundred seventy days after the person's arrest. Each day defendant is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E). For a violation of the rights these sections confer, a defendant may seek a discharge from criminal liability pursuant to R.C. 2945.73. The merits of a motion for discharge for a violation of speedy trial rights made pursuant to R.C. 2945.73 are determined as of the date of the motion is filed, not when it is decided or when, after a denial, a defendant is brought to trial. State v. Morris (March 7, 2003), Montgomery App. No. 19283, 2003-Ohio-1049.
 {¶ 12} A review of this record reveals that at the time Defendant filed his motion to dismiss for want of a speedy trial, which invokes his R.C. 2945.73 remedy, five hundred eighty-one days had elapsed since Defendant's arrest on the felony cocaine possession charge. That is well in excess of the two hundred seventy days allowed for trial by R.C. 2945.71. Thus, Defendant established a prima facie case for discharge pursuant to R.C.2945.73, and the burden shifted to the State to demonstrate that Defendant was brought to trial within the time required by R.C.2945.71 and 2945.72. State v. Geraldo (1983),13 Ohio App.3d 27. The State has met its burden in this case.
 {¶ 13} From October 31, 2001, the date of Defendant's arrest on this felony offense, until February 6, 2002, when Defendant requested and was granted a continuance, ninety-eight days chargeable to the State for speedy trial purposes elapsed. Defendant is not entitled to application of the triple count provision in R.C. 2945.71(E), or "three for one credit," for this time period because he either was free on bail and not in jail, or he was in jail but he was not being held in lieu of bail solely on the pending cocaine possession charge because he was simultaneously being held on other unrelated homidice charges.State v. Ladd (1978), 56 Ohio St.2d 197; State v. MacDonald
(1976), 48 Ohio St.2d 66. That circumstance remains the same throughout the the trial court's proceedings in this case.
 {¶ 14} From February 6, 2002, until February 26, 2002, time for trial was tolled as a result of continuances granted at Defendant's own request. R.C. 2945.72(H). From February 26, 2002, until April 3, 2002, when Defendant filed his motion to suppress the evidence, thirty-six days chargeable to the State for speedy trial purposes elapsed. Time for trial was tolled from April 3, 2002, the date Defendant filed his motion to suppress the evidence, until May 10, 2002, the date the trial court overruled Defendant's motion to suppress. R.C. 2945.72(E). From May 10, 2002, until July 31, 2002, when Defendant filed a waiver of his speedy trial rights, eighty-two days chargeable to the State for speedy trial purposes elapsed.
 {¶ 15} After July 31, 2002, and for the remaining duration of the trial court's proceedings in this case, time for trial was tolled as a result of a series of waivers of Defendant's speedy trial rights that were filed. In that regard we note that the waiver of speedy trial rights filed on January 15, 2003, was unlimited in its duration. Accordingly, when Defendant filed his motion to dismiss claiming a violation of his speedy trial rights on June 4, 2003, only two hundred sixteen days chargeable to the State for speedy trial purposes had elapsed. That is well within the two hundred seventy day limit in R.C. 2945.71 for bringing Defendant to trial. This record amply demonstrates that Defendant was brought to trial within the time required by R.C. 2945.71, as properly extended pursuant to the provisions in R.C. 2945.72.
 {¶ 16} Nevertheless, Defendant argues that R.C. 2945.73(C) should apply to his case and entitle him to discharge because he has been held in jail in lieu of bond awaiting trial for a period of time that exceeds the maximum prison term the court could impose were Defendant convicted of the charge. R.C. 2945.73(C) provides in relevant part:
 {¶ 17} "Regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72 of the Revised Code, a person charged with misdemeanor shall be discharged if he is held in jail in lieu of bond awaiting trial on the pending charge:
 {¶ 18} "(1) For a total period equal to the maximum term of imprisonmen which may be imposed for the most serious misdemeanor charged."
 {¶ 19} Defendant argues that because he was charged with a fifth degree felony that carries a maximum prison sentence of one year, and because at the time he filed his motion to dismiss he had been held in jail in lieu of bail awaiting trial for a period of more than four hundred days, well in excess of one year, pursuant to R.C. 2945.73(C) he was entitled to have his charge dismissed. We disagree.
 {¶ 20} By its explicit terms, R.C. 2945.73(C) only applies to offenses that are classified as misdemeanors. The statute is not ambiguous in that regard, and therefore there is nothing for this court to construe or interpret. Fairborn v. DeDomenico (1996),114 Ohio App.3d 590. We must apply and give effect to the words used, and may not ignore plain language or insert words not used.In re Collier (1993), 85 Ohio App.3d 232; State v. Teamer,82 Ohio St.3d 490, 1998-Ohio-193. Had the legislature intended for R.C. 2945.73(C) to apply to fifth degree felony offenses, it presumably would have said so in the language used. It did not. We must apply the plain meaning of the unambiguous language used in the statute, which clearly indicates that this provision applies only to misdemeanors. No violation of Defendant's speedy trial rights has been demonstrated.
 {¶ 21} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.