DECISION
{¶ 1} Relator, Nation Building Technical Academy, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Education, to hear relator's appeal pursuant to R.C. 3314.07(B)(4).
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a *Page 2 
decision, including findings of fact and conclusions of law, recommending that this court issue a writ of mandamus ordering respondent to determine relator's appeal. (Attached as Appendix A.)
 {¶ 3} Respondent has filed objections to the magistrate's decision. In its objections, respondent argues that relator: (1) failed to exhaust administrative remedies; (2) seeks to compel a vain act; and (3) failed to properly appeal the decision of the sponsor under the plain language of R.C. 3314.07.
 {¶ 4} The followings facts, which are essentially not in dispute, are drawn primarily from the magistrate's decision. Relator is an Ohio non-profit corporation. The Lucas County Educational Services Center ("LCESC") is an approved statewide sponsor of community schools pursuant to R.C. 3314.015. In March 2004, relator entered into a written contract with LCESC, whereby LCESC agreed to sponsor relator's establishment of a community school in Hamilton County, Ohio, to begin operation by September 1, 2004.
 {¶ 5} In March 2005, LCESC notified relator that its community school was being placed on probation pursuant to R.C. 3314.073. On May 17, 2005, LCESC conducted an on-site visit of relator's community school. On May 25, 2005, LCESC notified relator that its community school was suspended pursuant to R.C. 3314.072.
 {¶ 6} By letter dated December 2, 2005, LCESC informed relator that its contract was being terminated. That letter provided in part: "The Governing Authority * * * may, within fourteen (14) days of receipt of this Notice, request in writing an informal hearing before LCESC's Governing Board." The letter further stated: "Upon receipt of proper written notice, LCESC will hold an informal hearing within seventy (70) days * * * [and] *Page 3 
LCESC will issue a written decision either affirming or rescinding the decision to terminate the contract. LCESC's decision to terminate the contract may be appealed to the State Board of Education."
 {¶ 7} On December 12, 2005, relator filed an appeal with respondent from the decision of LCESC. In a letter to relator dated December 27, 2005, respondent's associate director outlined respondent's position that R.C. 3314.07(B)(3) sets forth a procedure whereby, once a request for an informal hearing is made, and a written decision is rendered either affirming or rescinding a sponsor's decision to terminate a contract, the school then has a right to appeal the decision to respondent. In a letter by the director of LCESC to respondent's executive director, dated January 10, 2006, LCESC represented that it had provided relator with notice of the relevant statutory procedures, and that, "[t]o date, there has been no request for an informal hearing before LCESC regarding its decision to terminate the contract with * * * [relator]."
 {¶ 8} By letter dated May 8, 2006, relator requested that respondent hear its appeal. On August 24, 2006, respondent informed relator that an appeal was not available because relator had failed to request an informal hearing pursuant to R.C. 3314.07(B)(3). By letter dated November 20, 2006, counsel for relator challenged respondent's position that relator was not entitled to an appeal. On January 10, 2007, respondent informed relator that its position remained unchanged. Relator subsequently commenced the instant mandamus action.
 {¶ 9} R.C. 3314.07 deals with the termination or non-renewal of a contract between a community school and its sponsor. R.C. 3314.07(B) states in part: *Page 4 
 (B)(1) A sponsor may choose not to renew a contract at its expiration or may choose to terminate a contract prior to its expiration for any of the following reasons:
 (a) Failure to meet student performance requirements stated in the contract;
 (b) Failure to meet generally accepted standards of fiscal management;
 (c) Violation of any provision of the contract or applicable state or federal law;
 (d) Other good cause.
 * * *
 (3) At least ninety days prior to the termination or nonrenewal of a contract, the sponsor shall notify the school of the proposed action in writing. The notice shall include the reasons for the proposed action in detail, the effective date of the termination or nonrenewal, and a statement that the school may, within fourteen days of receiving the notice, request an informal hearing before the sponsor. Such request must be in writing. The informal hearing shall be held within seventy days of the receipt of a request for the hearing. Promptly following the informal hearing, the sponsor shall issue a written decision either affirming or rescinding the decision to terminate or not renew the contract.
 (4) A decision by the sponsor to terminate a contract may be appealed to the state board of education. The decision by the state board pertaining to an appeal under this division is final. If the sponsor is the state board, its decision to terminate a contract under division (B)(3) of this section shall be final.
 {¶ 10} In his decision, the magistrate found potential ambiguity in the statute as to whether the word "decision" in R.C. 3314.07(B)(4) (i.e., providing that "[a] decision by the sponsor to terminate a contract may be appealed to the state board of education") refers exclusively to the written decision of the sponsor that follows an informal hearing, or whether it refers to both the written decision following the hearing and the "proposed *Page 5 
action" of the sponsor referenced in R.C. 3314.07(B)(3). The magistrate concluded that, in light of the statute's ambiguity, the consequences of accepting respondent's interpretation of the statute would be to penalize a school as a result of such ambiguity.
 {¶ 11} In order to be entitled to a writ of mandamus, a relator must demonstrate a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the acts, and that relator has no plain and adequate remedy in the ordinary course of law.State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440, 441.
 {¶ 12} While respondent raises three objections, we focus upon its contention that relator failed to follow the requirements of R.C. 3314.07 in order to appeal the decision to terminate the contract. Respondent argues that, while the magistrate focused upon the language of R.C. 3314.07(B)(3) and (4), a consideration of R.C. 3314.07(B)(5) is pertinent to the issue of whether a school may, following notice from the sponsor of the proposed action, directly appeal without first requesting an informal hearing. Specifically, respondent argues that R.C. 3314.07(B)(5)(a) and (b), dealing with the issue of when the termination of a contract is effective, clarifies any perceived ambiguity under R.C. 3314.07(B)(4).
 {¶ 13} R.C. 3314.07(B)(5) provides as follows:
 (5) The termination of a contract under this section shall be effective upon the occurrence of the later of the following events:
 (a) Ninety days following the date the sponsor notifies the school of its decision to terminate the contract as prescribed in division (B)(3) of this section;
 (b) If an informal hearing is requested under division (B)(3) of this section and as a result of that hearing the sponsor affirms its decision to terminate the contract, the effective date of the *Page 6 
termination specified in the notice issued under division (B)(3) of this section, or if that decision is appealed to the state board under division (B)(4) of this section and the state board affirms that decision, the date established in the resolution of the state board affirming the sponsor's decision.
 {¶ 14} According to respondent, the language of R.C. 3314.07(B)(5)(a) would control in circumstances in which a community school does not request an informal hearing; conversely, respondent argues, R.C. 3314.07(B)(5)(b) addresses the termination date when a community school pursues its administrative remedies.
 {¶ 15} We find persuasive respondent's argument that the contract termination events set forth under R.C. 3314.07(B)(5) are relevant in considering the intent and scope of R.C. 3314.07(B)(4) regarding the right of appeal to the state board of education. As noted by respondent, the language of R.C. 3314.07(B)(5)(a) does not address extending the time by which a termination becomes effective assuming a direct appeal is taken; stated otherwise, the statute does not appear to provide for a termination event (or date) if the community school, instead of requesting an informal hearing within 14 days of receiving notice (a scenario addressed under R.C. 3314.07[B][5][b]), attempts to directly appeal the proposed action.
 {¶ 16} Upon review, we agree with respondent that R.C. 3314.07(B)(5)(a) addresses termination of a contract in instances where a sponsor provides written notice to a school of the proposed adverse action, but the school fails to request an informal hearing within 14 days of such notice (i.e., the contract terminates "[n]inety days following the date the sponsor notifies the school of its decision to terminate the contract"). Further, the language of R.C. 3314.07(B)(5)(b) addresses the termination events for the following remaining scenarios: (1) "[i]f an informal hearing is requested" by the school and, *Page 7 
following the hearing, the sponsor affirms its decision to terminate the contract, the contract terminates as of the date specified in the notice, or (2) if "that decision" is appealed to the state board and the state board affirms that decision, the termination of the contract is the date established in the resolution of the state board.
 {¶ 17} Presumably, had the drafters of R.C. 3314.07 intended to allow an appeal without a request for an informal hearing, the statute could have included language to the effect that the school may, within 14 days of receiving the notice, request an informal hearing before the sponsoror appeal directly to the state school board. While the provisions of R.C. 3314.07 may not be a model of clarity, in construing the language of R.C. 3314.07(B)(3), (4), and (5) as a whole, we agree with respondent that the statute requires a community school to first request an informal hearing and receive a written decision from the sponsor before appealing to the state board of education. Thus, we conclude that relator has failed to state a claim upon which relief in mandamus can be granted, and respondent's objection on this issue is well-taken.
 {¶ 18} Based upon this court's independent review, we sustain respondent's objection to the extent provided above, rendering respondent's remaining objections moot. Further, we adopt the magistrate's findings of fact, but reject the magistrate's conclusions of law. Relator's request for a writ of mandamus is hereby denied.
Objection sustained and objections moot; writ of mandamus denied.
McGRATH, P.J., and FRENCH, J., concur.
APPENDIX A
 MAGISTRATE'S DECISION
Rendered on January 25, 2008
 IN MANDAMUS {¶ 19} In this original action, relator, Nation Building Technical Academy ("relator" or "NBTA"), requests a writ of mandamus ordering respondent, Ohio Department of Education ("respondent" or "ODE"), to hear relator's appeal pursuant to R.C. 3314.07(B)(4). *Page 9 
 Findings of Fact:
 {¶ 20} 1. Relator is an Ohio nonprofit corporation.
 {¶ 21} 2. Lucas County Educational Services Center ("LCESC") is an ODE-approved state-wide sponsor of community schools under R.C. 3314.015.
 {¶ 22} 3. In March 2004, relator entered into a written contract with LCESC. Under the terms of the contract, LCESC agreed to sponsor relator's establishment of a community school to begin operation by September 1, 2004, in Hamilton County, Ohio.
 {¶ 23} 4. In March 2005, LCESC notified relator that its community school was being placed on probation pursuant to R.C. 3314.073.
 {¶ 24} 5. On May 17, 2005, LCESC conducted a site visit of relator's community school.
 {¶ 25} 6. On May 25, 2005, LCESC notified relator that its community school was suspended pursuant to R.C. 3314.072.
 {¶ 26} 7. By letter dated December 2, 2005, LCESC notified relator that its contract was terminated pursuant to R.C. 3314.072. The letter advised:
 The Governing Authority of [NBTA] may, within fourteen (14) days of receipt of this Notice, request in writing an informal hearing before LCESC's Governing Board. Upon receipt of proper written notice, LCESC will hold an informal hearing within seventy (70) days thereafter. LCESC will issue a written decision either affirming or rescinding the decision to terminate the contract. LCESC's decision to terminate the contract may be appealed to the State Board of Education.
 {¶ 27} 8. By letter dated December 12, 2005, NBTA appealed to ODE.
 {¶ 28} 9. By letter dated May 8, 2006, relator requested that ODE hear its appeal. In support, relator attached a copy of its December 12, 2005 letter. *Page 10 
 {¶ 29} 10. By letter dated August 24, 2006, ODE informed relator that an appeal was not available because relator had failed to request an informal hearing pursuant to R.C. 3314.07(B)(3).
 {¶ 30} 11. By letter dated November 20, 2006, relator's counsel questioned ODE's position that relator was not entitled to an ODE appeal.
 {¶ 31} 12. By letter dated January 10, 2007, ODE informed relator that ODE's position remained unchanged.
 {¶ 32} 13. On February 26, 2007, relator filed this original action.Conclusions of Law:
 {¶ 33} The issue is whether a request for an informal hearing under R.C. 3314.07(B)(3) is a prerequisite to R.C. 3314.07(B)(4)'s grant of a right to an ODE appeal of the sponsor's notice of contract termination.
 {¶ 34} Finding that the informal hearing is not a prerequisite to R.C. 3314.07(B)(4)'s grant of a right to an ODE appeal, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
 {¶ 35} R.C. 3314.07(B)(2) provides that a sponsor may choose to terminate a contract if the sponsor has suspended the operation of the contract under R.C. 3314.07(B)(2).
 {¶ 36} R.C. 3314.07(B)(3) states:
 At least ninety days prior to the termination or nonrenewal of a contract, the sponsor shall notify the school of the proposed action in writing. The notice shall include the reasons for the proposed action in detail, the effective date of the termination or nonrenewal, and a statement that the school may, within fourteen days of receiving the notice, request an informal hearing before the sponsor. Such *Page 11 
request must be in writing. The informal hearing shall be held within seventy days of the receipt of a request for the hearing. Promptly following the informal hearing, the sponsor shall issue a written decision either affirming or rescinding the decision to terminate or not renew the contract.
 {¶ 37} R.C. 3314.07(B)(4) states: "A decision by the sponsor to terminate a contract may be appealed to the state board of education. The decision by the state board pertaining to an appeal under this division is final."
 {¶ 38} Some observations regarding the statutory language are in order. To begin, the first and second sentences of R.C. 3314.07(B)(3) speak of the "proposed action" of the sponsor who intends to terminate the contract. Neither of those two sentences speak of the "decision" of the sponsor even though the second sentence requires that the sponsor's notice specify the effective date of the termination. Presumably, where a sponsor has decided to issue notice of the contract's termination, the sponsor has reached a decision to terminate the contract. However, unexplainedly, the word "decision" does not appear until the last sentence of R.C. 3314.07(B)(3).
 {¶ 39} In the last sentence of R.C. 3314.07(B)(3), it is stated that promptly following the informal hearing, the sponsor shall issue "a written decision either affirming or rescinding the decision to terminate." Thus, the word "decision" is used to refer to both the "proposed action" and the written decision that follows an informal hearing.
 {¶ 40} Given the above analysis, an ambiguity occurs when, in the next paragraph, R.C. 3314.07(B)(4) provides that "[a] decision by the sponsor to terminate a contract may be appealed to the state board of education." Does the word "decision" in R.C. 3314.07(B)(4) refer to either decision of the sponsor referenced in the previous *Page 12 
paragraph, or to only the "written decision either affirming or rescinding the decision to terminate"?
 {¶ 41} If the word "decision" in R.C. 3314.07(B)(4) refers to either decision of the sponsor, then a request for an informal hearing cannot be a prerequisite for an ODE appeal. On the other hand, if the word "decision" in R.C. 3314.07(B)(4) refers exclusively to the written decision that follows an informal hearing, then a request for an informal hearing is a prerequisite for an ODE appeal.
 {¶ 42} The magistrate further observes that ODE has not endeavored to clarify the ambiguity by promulgation of an administrative rule. See Ohio Adm. Code 3301-102-101 et seq. Thus, ODE's administrative rules do not aid this court in the interpretation to be given to the statute at issue here. See Ohio Civ. Serv. Emp. Assn. v. Univ. of Cincinnati
(1982), 3 Ohio App.3d 302.
 {¶ 43} How then shall this court resolve the ambiguity created by the statute's failure to specify which decision of the sponsor may be appealed to ODE.
 {¶ 44} R.C. 1.49 provides:
 If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:
 (A) The object sought to be attained;
 (B) The circumstances under which the statute was enacted;
 (C) The legislative history;
 (D) The common law or former statutory provisions,
 including laws upon the same or similar subjects;
 (E) The consequences of a particular construction;
 (F) The administrative construction of the statute. *Page 13 
 {¶ 45} The magistrate observes that R.C. 3314.07(B)(3)'s reference to an "informal hearing" is contained in the requirements for the sponsor's notice to the school. Absent is any language imposing upon the school an obligation to request the informal hearing as a prerequisite to an appeal to ODE.
 {¶ 46} The magistrate also observes that neither the statute nor the administrative rules specify how the informal hearing is to be conducted or in what manner evidence or information is to be submitted at an informal hearing. Moreover, the adjudicator at the informal hearing is the same party who just issued notice of the contract's termination. In addition, a request for an informal hearing could delay a final resolution by the ODE given that the sponsor can delay the informal hearing up to 70 days after receipt of the request.
 {¶ 47} Given the above analysis, it is the magistrate view that, under R.C. 1.49, the consequences of accepting respondent's construction of the statute is to penalize a school for failing to fully appreciate the statute's ambiguity and to create more delay when a school may feel that it has already exhausted its discussions with its sponsor.
 {¶ 48} Accordingly, for all the above reasons, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent to forthwith determine relator's appeal.
 *Page 1