## IN RE APPLICATION FOR RELIEF FROM DISABILITY OF PIKAART.

[Cite as In re Application for Relief from Disability
of Pikaart (1997), 121 Ohio App.3d 313.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE11–1589.

Decided July 10, 1997.

*Browning, Cooke & Sturges* and *Jon M. Browning*, for appellee.

*Ronald J. O'Brien*, Franklin County Prosecuting Attorney, and *Michael C. McPhillips*, Assistant Prosecuting Attorney, for appellant.

PEGGY BRYANT, Judge.

Appellant, Ronald J. O'Brien, Prosecuting Attorney of Franklin County, Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting relief from disability to appellee, William E. Pikaart, under R.C. 2923.14. Appellant assigns a single error:

"The trial court erred as a matter of law in finding that appellee William E. Pikaart had led a 'law abiding life' after his release from parole as required by R.C. 2923.14(D)(2) and thus was eligible for relief from his firearm disability."

Because the trial court properly interpreted R.C. 2923.14, and within its sound discretion granted appellee relief from disability under R.C. 2923.14, we affirm.

On August 19, 1996, appellee filed an application for relief from disability; he requested that the trial court once again allow him to own a firearm, a privilege prohibited by his prior convictions for drug abuse. Following a hearing, the trial court granted appellee's request. The state appeals, contending that the trial court improperly interpreted R.C. 2923.14(D)(2) in concluding that appellee had led a law-abiding life following his release or discharge.

The evidence underlying the trial court's decision is undisputed. In April 1983, appellee entered a guilty plea to three counts of drug abuse in violation of R.C. 2925.11. He was released from confinement in 1985. In February 1988, he was found guilty of receiving stolen property; he received a suspended sentence, and was placed on probation with conditions. Because he was determined to have

violated two of the conditions of his probation, his probation was revoked in February 1989, and the suspended sentence was imposed. By an "Expiration of Sentence and Restoration of Civil Rights" dated December 1, 1989, the Ohio Department of Rehabilitation and Correction advised appellee that he had served the maximum sentence for the offense for which he was convicted, and he was restored to certain rights and privileges forfeited by his conviction. Nonetheless, he was advised he was not authorized "to ship, transport, possess, or receive firearms."

Since his release from confinement, appellee has undergone serious drug counselling, enjoys maintaining sobriety and a successful recovery program, and has started his own successful home repair business. Witnesses at the hearing before the trial court included appellee's counsellor, who testified to the strong odds appellee conquered in overcoming his drug problems and maintaining sobriety, obtaining a high school equivalency degree, and managing a successful business.

Appellee lost his privilege to carry a firearm pursuant to R.C. 2923.13(A)(3), which states:

"(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

" * * *

"(3) Such person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse, or has been adjudged a juvenile delinquent for commission of any such offense[.]"

Appellee sought relief from that disability pursuant to R.C. 2923.14, which states:

"(A) Any person who, solely by reason of his disability under division (A)(2) or (3) of section 2923.13 of the Revised Code, is prohibited from acquiring, having, carrying, or using firearms, may apply to the court of common pleas in the county where he resides for relief from such prohibition.

"(B) The application shall recite the following:

"(1) All indictments, convictions, or adjudications upon which the applicant's disability is based, the sentence imposed and served, and probation, parole, or partial or conditional pardon granted, or other disposition of each case;

" * * *

"(D) Upon hearing, the court may grant the applicant relief pursuant to this section, if all of the following apply:

"(1) The applicant has been fully discharged from imprisonment, probation, and parole, or, if he is under indictment, has been released on bail or recognizance;

"(2) The applicant has led a law-abiding life since his discharge or release, and appears likely to continue to do so;

"(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms.

" * * *

"(F) Relief from disability granted pursuant to this section:

"(1) Applies only with respect to indictments, convictions, or adjudications recited in the application[.]"

Given the foregoing parameters, the state's sole argument is that defendant could not meet all the requirements of R.C. 2923.14(D)(1) through (3), the prerequisites to obtaining relief from disability. In particular, the state contends that appellee could not show he has led a law-abiding life since his discharge or release on his drug abuse conviction, given his subsequent conviction for receiving stolen property, including the probation violations which led to his imprisonment on that charge. In response, appellee contends that he met the requirements of R.C. 2923.14(D)(2) because for eight years since his discharge from imprisonment on his conviction for receiving stolen property he not only had no further infractions of law, but has engaged in self-rehabilitation programs, and has begun and maintained a successful home repair business. The sole issue to be resolved on appeal is whether R.C. 2923.14 prohibits relief from disability if the affected person is again convicted of an offense following that offense for which the disability was imposed.

As the trial court noted, neither R.C. 2923.14(B)(1) nor (F)(1) contemplates a single conviction. To the contrary, R.C. 2923.14(B)(1) indicates that the application should recite all indictments, convictions, or adjudications upon which the applicant's disability is based, including the sentenced imposed for *each* case. Similarly, R.C. 2923.14(F)(1) specifies that the relief from disability granted applies only to indictments, convictions, or adjudications recited in the application. Both suggest that a person with multiple convictions resulting in disability nonetheless may obtain relief from disability.

R.C. 2923.14(D)(2), the section on which this appeal turns, does nothing to undermine the implications of R.C. 2923.14(B)(1) and (F)(1). Specifically, R.C. 2923.14(D)(2) requires that the applicant lead a law-abiding life since discharge or release; it does not specify from what the applicant is discharged or released, but by implication refers to R.C. 2923.14(D)(1), which similarly fails to specify from what the applicant has been fully discharged or released. The trial court understood R.C. 2923.14(D)(2) to refer to appellee's discharge from confinement

for his receiving stolen property conviction; appellant contends that it is release from the offense on which the disability is based.

Appellant's argument is problematic in two respects. Initially, while R.C. 2923.14(B)(1) refers to indictments, convictions, or adjudications upon which the applicant's disability is based, R.C. 2923.14(D)(2) does not similarly limit the language concerning discharge or release. Had the legislature simply inserted the phrase "upon which the applicant's disability is based" after the words "discharged or released" in R.C. 2923.14(D)(2), the state's contention would be persuasive. Absent that language, we are disinclined to rewrite the statute to render that meaning.

Moreover, the state's argument creates problems in interpreting R.C. 2923.14(B)(1). As noted, R.C. 2923.14(B)(1) refers to indictments, convictions, and adjudications in the plural, and qualifies them by the phrase "upon which the applicant's disability is based." Because the parties agree that appellee was not subject to a disability under R.C. 2923.14 for his receiving stolen property conviction, the state contends that appellee's conviction for receiving stolen property is not among the indictments, convictions, or adjudications referred to in R.C. 2923.14(B)(1) or (F)(1), and thus is not among the discharges or releases referred to in R.C. 2923.14(D)(2). Appellant's contentions, however, suggest that had appellee not been convicted of receiving stolen property, but of a potentially more serious offense for which a disability could be imposed, then his multiple convictions from which he had received discharge or release under R.C. 2923.14(D)(2) would not prevent his relief from disability under R.C. 2923.14. Doubtful that the legislature intended such a result, we cannot agree with appellant's interpretation of R.C. 2923.14.

In the final analysis, although R.C. 2923.14 is specific in requiring that the application recite all indictments, convictions, and adjudications *upon which the applicant's disability is based,* and R.C. 2923.14(F)(1) apparently refers to those indictments, convictions, or adjudications, R.C. 2923.14(D)(2) simply does not contain the same qualifying language. Instead, in an apparent reference to R.C. 2923.14(D)(1), (D)(2) suggests that once appellee is fully discharged from imprisonment, the issue under R.C. 2923.14(D)(2) is whether he had led a law-abiding life since that release. As the state noted before the trial court, it does not contend to the contrary; it simply disagrees with the trial court's interpretation of R.C. 2923.14(D)(2). Because, however, the trial court properly interpreted R.C. 2923.14(D)(2), we overrule appellant's single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

PETREE and CLOSE, JJ., concur.