[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Larry P. Raymer, appeals the trial court's decision overruling his pro se "motion to restore citizenship" pursuant to R.C. 2961.01. R.C. 2961.01 provides that a person convicted of a felony under the laws of the state of Ohio, any other state or the United States is incompetent to be an elector or juror or to hold an office of honor, trust or profit. This incompentecy applies unless the conviction is reversed or annulled, or the individual receives a full pardon, is released upon pardon or parole, or obtains an expungement. The statute contains no remedial provision and requires resort to other statutory procedures to remove the incompetency. See State ex rel. Gains v. Rossi
(1999), 86 Ohio St.3d 620, 716 N.E.2d 204; State v. Ricciardi (1999),135 Ohio App.3d 155, 733 N.E.2d 291; Bernad v. Lakewood (June 15, 2000), Cuyahoga App. No. 75684, unreported.
The trial court treated Raymer's motion as a request for relief from disability pursuant to R.C. 2923.14. However, Raymer acknowledged that he was incarcerated, and he, therefore, failed to prove that he met the requirements for relief from disability set forth in R.C. 2923.14(D). Consequently, the trial court's decision overruling Raymer's motion was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See State v. Adams (1980), 62 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus; In re Application forRelief from Disability of Pikaart (1997), 121 Ohio App.3d 313,699 N.E.2d 990; State v. Morgan (Mar. 23, 1994), Clark App. No. 3083, unreported; In the Matter of Bush (Dec. 26, 1989), Franklin App. No. 89AP-567, unreported. Accordingly, we overrule Raymer's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.