DECISION
Gregory J. Mercer, appellant, appeals a judgment of the Franklin County Court of Common Pleas granting him partial relief from disability pursuant to R.C. 2923.14.
In 1990, appellant pled guilty in Texas to a felony count of possession of marijuana in an amount over four ounces but less than five pounds, and a felony count of delivery of marijuana over four ounces but less than five pounds. He was sentenced to two years incarceration for the possession charge and five years for the delivery charge, which were to run concurrently. Appellant was released from incarceration prior to the expiration of his sentence and placed on probation for the remainder of his sentence. Appellant then relocated to Ohio, where, due to his Texas convictions, he was prohibited from acquiring, having, carrying, or using any firearm or dangerous ordnance pursuant to R.C. 2923.13.
On December 1, 2000, appellant filed an application for relief from disability pursuant to R.C. 2923.14. A hearing was held on the matter and on April 5, 2001, the trial court granted partial relief from disability as follows: "Applicant may acquire, have, possess, carry, or use rifles and shotguns. This relief does not apply to handguns." Appellant appealed the judgment of the trial court. On July 6, 2001, we granted appellant's July 3, 2001 motion for leave to supplement the record with the exhibits presented in the trial court proceeding. On September 20, 2001, we granted appellant's September 18, 2001 motion to supplement the appellate record with the transcript of the hearing before the trial court. In his brief, appellant asserts the following assignment of error:
 THE TRIAL JUDGE LIMITED THE RELIEF FROM DISABILITY TO RIFLES AND SHOTGUNS.
Appellant's argument in his assignment of error is that the trial court erred in failing to grant full relief from disability that included handguns. R.C. 2923.14 provides, in pertinent part:
 (A) Any person who, solely by reason of his disability under division (A)(2) or (3) of section 2923.13 of the Revised Code, is prohibited from acquiring, having, carrying, or using firearms, may apply to the court of common pleas in the county where he resides for relief from such prohibition.
* * *
 (D) Upon hearing, the court may grant the applicant relief pursuant to this section, if all of the following apply:
 (1) The applicant has been fully discharged from imprisonment, probation, and parole, or, if he is under indictment, has been released on bail or recognizance;
 (2) The applicant has led a law-abiding life since his discharge or release, and appears likely to continue to do so;
 (3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms.
A court of appeals reviews a trial court's decision either granting or denying an application for relief from disability under an abuse of discretion standard. See In re Application for Relief from Disability of Pikaart (1997), 121 Ohio App.3d 313, 314. A court abuses its discretion when it acts unreasonably, arbitrarily, or unconscionably. State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106.
Appellant argues that the trial court limited his testimony and did not consider his exhibits. With regard to the exhibits, after the trial court questioned appellant, appellant's counsel proffered for the record several exhibits he wished to reference: an entry in which Charlotte Hemingway, the mother of appellant's children, was determined by the Franklin County Court of Common Pleas, Division of Domestic Relations, to have assaulted her ex-husband; a letter that was supposedly written by Charlotte's son and submitted in a criminal case against her ex-husband, but which appellant contends was actually written by Charlotte based upon handwriting samples from her son; a transcript of a hearing against appellant filed in the Franklin County Municipal Court, in which Charlotte claimed appellant had beaten her son with a stick but which was later dismissed based upon the prosecutor's belief that Charlotte had falsified the charges; a pleading filed in a Franklin County Municipal Court case indicating Charlotte was found guilty of assaulting appellant, whom she had originally accused had assaulted her; and a complaint filed by appellant in the Franklin County Court of Common Pleas alleging malicious prosecution against Charlotte for false actions she initiated against him.
However, a review of the transcript reveals the trial court did not rely upon any of the incidents outlined in these exhibits in limiting appellant's release from disability to only rifles and shotguns. The prosecutor also stated that he was not raising any objections based upon the apparently false domestic violence and abuse allegations against appellant, and he was making only a general objection to the application based upon the Texas felony convictions. The trial court stated specifically:
 My objection is, you've got a prior felony record of basically drug sales. You were put in the penitentiary for a couple of years.
* * *
 So on two different occasions you have been convicted of things dealing with drugs.
* * *
 That's my objection. Those people who have been law-abiding all their lives, they have the right to carry guns in our society assuming they are carried lawfully and those people who have been convicted of felony offenses are not given the same rights that other people are given. So that's my objection.
Thus, because the trial court did not base its decision upon the incidents outlined in the exhibits, we find the trial judge's failure to consider the exhibits during the hearing inconsequential.
With regard to appellant's argument that the trial court erred in not allowing his counsel to question him during the hearing, our review of the transcript from the hearing reveals that appellant's counsel did not specifically request that he be permitted to question appellant, and the trial court did not specifically state that he could not ask appellant questions. Rather, appellant's counsel merely indicated that he did not get a chance to ask appellant questions and then immediately requested he be permitted to enter his exhibits into the record, to which the trial court responded "sure." Notwithstanding, appellant indicates that he should have been permitted to present testimony to the trial court regarding his law-abiding life since the felony convictions in Texas, including his lack of subsequent criminal activity, his solid employment, his involvement with his children's lives, and being granted custody of his children. However, as stated above, the trial court's objection to the release from disability was appellant's two prior felony convictions for drug offenses. Thus, appellant cannot demonstrate that he suffered any prejudice or that the outcome would have been any different had he testified at the hearing with regard to these inconsequential matters.
Further, although appellant cites this court's decision in Pikaart, supra, to support his position, we find Pikaart unpersuasive. Appellant apparently cites Pikaart for the proposition that he should be fully released from disability because the applicant in Pikaart was similarly situated yet fully released from disability. However, as the state points out, to establish a bright-line test for determining release from disability cases, based upon the particular crimes or numbers of crimes, would ignore the discretion the trial court is specifically granted in R.C. 2923.14. Therefore, we find Pikaart unconvincing. Although appellant would wish this court to review the determination de novo, our review is an abuse of discretion standard. While appellant may have led a law-abiding life since his convictions, and it appears likely that he will continue to do so, we cannot find that the trial court abused its discretion in finding appellant was not a fit subject for full relief under R.C. 2923.14 based upon the nature and extent of his prior criminal activity. We also note that although the state raises the applicability of Section 922, Title 18, U.S. Code as an alternative basis for denying relief to appellant, we need not address that issue given our above determination. Therefore, appellant's assignment of error is overruled.
Accordingly, we find that the trial court did not err in granting appellant only partial relief from disability pursuant to R.C. 2923.14. Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
TYACK and DESHLER, JJ., concur.