[Cite as *State v. Brown*, 2011-Ohio-5676.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96615**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KEYATTA M. BROWN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-350757

**BEFORE:** Celebrezze, P.J., Sweeney, J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 3, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1}   Defendant-appellant, Keyatta Brown, appeals the judgment of the trial court denying her application for relief from disability, pursuant to R.C. 2923.14.   After careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶ 2}   On May 21, 1997, appellant was indicted by the Cuyahoga County Grand Jury in Case No. CR-350757 on one count of kidnapping, in violation of R.C. 2905.01. On October 15, 1997, appellant pled guilty to an amended count of  attempted kidnapping, in violation of R.C. 2923.02 and 2905.01.   Appellant was sentenced on December 11, 1997 to one year in prison.

{¶ 3} On January 23, 1998, appellant was convicted in Case No. CR-357309 of one count of receiving stolen property, in violation of R.C. 2913.51, and one count of theft, in violation of R.C. 2913.02. On the same day, appellant was sentenced to a prison term of six months on both counts, to run concurrently with each other and concurrently with the sentence in Case No. CR-350757.

{¶ 4} On June 9, 2009, appellant filed an application for relief from weapons disability. The state filed a brief in opposition on August 12, 2009, and the trial court denied appellant's application on October 7, 2009 without a hearing. On November 6, 2009, appellant filed a notice of appeal with this court. In *State v. Brown*, Cuyahoga App. No. 94213, 2010-Ohio-2360, this court reversed and remanded the case to the trial court to hold a hearing on appellant's application. The trial court held a hearing on appellant's application on March 2, 2011 and, at the conclusion of the hearing, denied appellant's application for relief from weapons disability.

{¶ 5} Appellant appeals the judgement of the trial court, raising one assignment of error.

## Law and Analysis

{¶ 6} In her sole assignment of error, appellant argues that she was denied due process of law when the trial court abused its discretion by denying her application for relief from weapons disability. We disagree.

**{¶ 7}** R.C. 2923.14 permits a trial court to relieve an offender from his or her disability and enable him or her to receive a permit for a weapon, so long as the statutory requirements are complied with.   R.C. 2923.14(D), reads:

**{¶ 8}** "(D) Upon hearing, the court *may* grant the applicant relief pursuant to this section, if all of the following apply:

**{¶ 9}** "(1) The applicant has been fully discharged from imprisonment, community control, post-release control, and parole, or, if the applicant is under indictment, has been released on bail or recognizance.

**{¶ 10}** "(2) The applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so.

**{¶ 11}** "(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms."   (Emphasis added.)

**{¶ 12}** In this matter, appellant's counsel argued at the March 2, 2011 hearing that appellant's current circumstances warranted relief from weapons disability.   Specifically, appellant's counsel stated that her original convictions dated back to 1997 and that she had received an early release from prison by the Cuyahoga County Probation Department.  Additionally, appellant's counsel indicated that appellant owns her own real estate business and requires a weapon to protect herself when she works in known high crime areas.

**{¶ 13}** In response to the statements made by appellant's counsel, the prosecutor stated:

**{¶ 14}** "The State is opposing because there is [sic] two convictions here, and the one, the attempted kidnapping, is a crime of violence; and upon the facts of this case the State's concerned about letting Ms. Brown carry a weapon considering her past criminal history."

**{¶ 15}** At the conclusion of the hearing, appellant addressed the court and stated that she regretted her prior actions and accepted responsibility for her criminal history. She noted that her convictions occurred over 14 years ago and that she had not been in any other trouble with the law since the convictions. Thereafter, she stated that she wanted to excel in her profession, but often felt unsafe going in and out of abandoned buildings and needed a weapon for her own protection.

**{¶ 16}** In denying appellant's application, the trial court indicated that it appreciated her rehabilitation, but could not grant the motion. The trial court explained, "You have two convictions. You're not the exceptional case that would fit the circumstances. You are doing well. We do not need another gun on the street by someone who has been to prison, who has two convictions. Handle yourself. If you are in danger, then go in groups when you go to the homes. Take cautious plans to protect your safety. But I rarely see a gun do much in a positive sense."

**{¶ 17}** A court of appeals reviews a trial court's decision either granting or denying an application for relief from disability under an abuse of discretion standard. See *In re Application for Relief from Disability of Pikaart* (1997), 121 Ohio App.3d 313, 314, 699 N.E.2d 990. A court abuses its discretion when it acts unreasonably, arbitrarily, or

unconscionably. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 1995-Ohio-251, 647 N.E.2d 799.

{¶ 18} The rule in Ohio regarding the proper construction of the word "may" when used in a statute was set forth by the Ohio Supreme Court in paragraph one of the syllabus in *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 107, 271 N.E.2d 834:

{¶ 19} "In statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage."

{¶ 20} It is therefore presumed that the word "may" is a permissive term, and the General Assembly's intent in using the term in the statute is to grant trial court's the ability to exercise discretion. However, such a presumption may be rebutted by a showing of a clear and unequivocal legislative intent that the word should be given a meaning other than that which is ordinarily given. See *Ohio Civ. Serv. Emp. Assn. v. Univ. of Cincinnati* (1982), 3 Ohio App.3d 302, 444 N.E.2d 1353.

{¶ 21} In the present case, appellant has failed to present this court with clear and unequivocal evidence that the General Assembly's intent in using the word "may" in R.C. 2923.14(D) was to impose a mandatory duty upon the trial court to grant the requested relief if the three requirements set forth in the statute have been met. Therefore, R.C. 2923.14 merely permits, but not does require, a trial court to grant an application for relief

from disability where a defendant has presented evidence outlined in R.C. 2923.14(D)(1)-(3).

{¶ 22} Upon review of the record, appellant has failed to demonstrate that the trial court abused its discretion in denying her application. While this court may have granted her application, we should not substitute our opinion for that of the trial court when such a decision is left within its sound discretion. Although the trial court acknowledged that appellant had led a law-abiding life since her conviction in 1997, and it appeared likely that she would continue to do so, it found that, on the basis of the nature and extent of her prior criminal activity, she was not a fit subject for relief under R.C. 2923.14. As the trial court concluded, on the basis of her prior criminal activity, that she was not statutorily entitled to the relief requested, this court should not reverse that judgment as an abuse of discretion.

{¶ 23} Accordingly, appellant's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR