[Cite as *In re Childress*, 2016-Ohio-814.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103043**

---

**IN RE:   RODERICK E. CHILDRESS'S
PETITION FOR RELIEF FROM DISABILITY**

---

**JUDGMENT:**
REVERSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-826111

**BEFORE:**   Laster Mays, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 3, 2016

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1360 East 9th Street, Suite 600
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Amy Venesile
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant Roderick Childress ("Childress") appeals the trial court's denial of his application for relief from weapons disability. Upon a full review of the record, we reverse.

{¶2} Childress presents a single assignment of error: the trial court erred and abused its discretion in denying Childress's application for relief from disability under R.C. 2923.14.

## I.  BACKGROUND AND FACTS

{¶3} Childress was convicted of marijuana trafficking in 1987, a fourth- degree misdemeanor, with no firearm involved. His application for expungement of the case was granted in 2013. On April 30, 2014, Childress filed an application for relief from disability pursuant to R.C. 2923.14 so that he would be eligible to transfer to a position of employment as a hospital peace officer which required that he carry a weapon.

{¶4} In response to the state's objections to his application, Childress petitioned the trial court to unseal his file for prosecutorial review. The state maintained its objections after review, and a hearing was conducted on April 13, 2015.

{¶5} Childress demonstrated at the hearing that, other than a traffic offense, he has had no criminal convictions. (Tr. 5.) He is raising two children, one is attending college. (Tr. 5 and 11.)

{¶6} Since the time of his conviction, Childress has received: (1) a Cuyahoga County achievement award for completing the early childhood education program in 2006, qualifying him to be a day care administrator; (2) a certificate of completion for apprenticeship cook in 2002 sponsored by the state of Ohio; (3) an associate degree in applied science from Cuyahoga Community College ("Tri-C") in 1998; and (4) an associate degree in applied business from Tri-C

in 1998. (Tr. 10 and 11.) Childress intends to return to school to prepare to open his own business working with youth. *Id.*

{¶7} Most recently, Childress attended training seminars sponsored by the Tri-C Peace Officer Training Council to qualify. He completed the training up until the firearms portion which is why he was before the court. (Tr. 9.)

{¶8} Childress testified that he was currently employed as a chef with University Hospitals and had served in that position for five years. Prior to that, he was employed as a chef by Cleveland Clinic for five years, and he worked for the International House of Pancakes prior to Cleveland Clinic. The transfer to the position of hospital peace officer would provide for a higher income and more accommodating hours. (Tr. 7 and 8.)

{¶9} The state's objection was that Childress's constitutional right to bear arms was not absolute and he had other employment options. The state also argued that the law does not "require" that the trial court grant the application and that, "with the trafficking conviction that, you know, this is something that creates a bad risk, and we would maintain our objection in this case." (Tr. 12.) The state did not describe what risk would be created nor did it address the fact that the single conviction had been expunged and what, if any, impact that may have on Childress's application.

{¶10} Counsel for Childress stated he has known Childress since representing him in the expungement action and that he is a hard-working family man who goes to work daily, pays his mortgage, raises his children and has a son in college. (Tr. 11.) Childress was trying to improve his occupational options to be an example for his children. *Id.* Counsel also cited the expungement court's observation that Childress had been "sufficiently rehabilitated." (Tr. 13.)

**{¶11}** The trial court marked the case "heard and submitted." The trial court's findings were entered on April 17, 2015:

> This cause comes on for consideration of petitioner's application for relief from disability, filed 4/30/2014. The court held a hearing on the merits of the application on 4/13/2015. All parties appeared. Having considered the arguments held in open court, the petitioner's application, the state's brief in opposition, filed 5/20/2014, and petitioner's reply brief, filed 10/10/2014, the court hereby denies petitioner's application for relief from disability. The petitioner filed his application pursuant to R.C. 2923.214, which permits a trial court to relieve an offender from his disability and enable him to receive a permit for a weapon, so long as the statutory requirements are complied with.
>
> R.C. 2923.214(d) provides: "upon hearing, the court may grant the applicant relief pursuant to this section, if all of the following apply: (1) the applicant has been fully discharged from imprisonment, community control, post-release control, and parole, or, if the applicant is under indictment, has been released on bail or recognizance; (2) the applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so; and (3) the applicant is not otherwise prohibited by law from acquiring, having, or using firearms." The petitioner argues that he has met all of the requirements provided in the statute. However, the state objects, arguing that the purpose of R.C. 2923.13, (the statute governing having weapons under disability) is to prevent individuals that are considered "bad risks" from obtaining weapons. *See* committee comment to Am.Sub.H.B. No. 5111. "R.C. 2923.14 merely permits, but not does require, a trial court to grant an application for relief from disability where a defendant has presented evidence outlined in R.C. 2923.14(d)(1)-(3)." *State v. Brown*, 8th Dist. Cuyahoga No. 96615, 2011-Ohio-5676, para. 21. This court hereby denies petitioner's application for relief from disability. Court cost assessed to the plaintiff(s). Pursuant to Civ.R. 58(b), the clerk of courts is directed to serve this judgment in a manner prescribed by Civ.R. 5(b). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service. Notice issued.

**{¶12}** While the denial of the application is based on the premise that Childress is a "bad risk," there are no stated grounds for that determination. It is from this denial that Childress appeals.

## II. STANDARD OF REVIEW

**{¶13}** We review the trial court's decision denying an application for relief from disability:

"under an abuse of discretion standard. See *In re Application for Relief from Disability of Pikaart*, 121 Ohio App.3d 313, 314, 699 N.E.2d 990 (1997). 'A court abuses its discretion when it acts unreasonably, arbitrarily, or unconscionably. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 1995-Ohio-251, 647 N.E.2d 799.'"

*State v. Brown*, 8th Dist. Cuyahoga No. 96615, 2011-Ohio-5676, ¶ 17.

### III.　　LAW AND ANALYSIS

**{¶14}**　　R.C. 2923.14 provides in pertinent part:

(D)　Upon hearing, the court may grant the applicant relief pursuant to this section, if all of the following apply:

(1)　One of the following applies:

(a)　If the disability is based upon an indictment, a conviction, or an adjudication, the applicant has been fully discharged from imprisonment, community control, post-release control, and parole, or, if the applicant is under indictment, has been released on bail or recognizance.

(b)　If the disability is based upon a factor other than an indictment, a conviction, or an adjudication, that factor no longer is applicable to the applicant.

(2)　The applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so.

(3)　The applicant is not otherwise prohibited by law from acquiring, having, or using firearms.

R.C. 2923.14(D)(1)-(3).

**{¶15}**　The trial court cites our finding in *Brown,* in denying Childress's application. We held in *Brown* that an applicant who meets the elements of R.C. 2923.14(D) is not guaranteed approval. Granting the application is discretionary as indicated by the legislature's use of the term "may" instead of "shall" in the statute. We then upheld the trial court's denial of the appellant's permit as not rising to the level of an abuse of discretion, "While this court may have granted her application, we should not substitute our opinion for that of the trial court when such is left within its sound discretion." *Id*. at ¶ 22.

{¶16} We find that *Brown* is distinguishable. For purposes of this case, we employ our analysis in *State v. Dozanti,* 8th Dist. Cuyahoga No. 102158, 2015-Ohio-2276, where we differentiated our holding in *Brown*, observing that, "[i]n *Brown*, an abuse of discretion was not demonstrated where the applicant had more than one conviction and had committed a crime of violence, and the trial court provided its rationale for denying the application for relief from disability." *Dozanti* at ¶ 11. Instead, we find that the circumstances and rationale in *Dozanti* more closely align to those of this case.

{¶17} The appellant in *Dozanti* was indicted on three counts of drug trafficking and one count of possessing criminal tools. He was ultimately convicted in 1995 of one count of drug trafficking, a third-degree felony, and sentenced to 18 months in prison with credit for time service. *Id.* at ¶ 2.

{¶18} In 2014, a hearing was held on Dozanti's application for relief from weapons disability. He still owned the business where the prior criminal activity occurred, but it operated under a different name. Dozanti was married with a wife, three children, and seven grandchildren. He had not violated the law for more than 20 years and petitioned the court under R.C. 2923.14 so that he could go hunting with his grandchildren since he had been introduced to hunting as a child. *Id.* at ¶ 4. Dozanti's attorney stated that he was honest, responsible and a good family man. *Id.* Eight months after taking the matter under advisement, the trial court issued a ruling denying the application without explanation.

{¶19} In this case, the trial court issued an opinion. However, the single ground for denial was that Childress was a "bad risk." The opinion does not contain an explanation of the nature of the risk.

**{¶20}** Other than the "bad risk" comment by the prosecutor, who also failed to explain the nature of the risk (tr. 12), the record is void of any evidence that Childress poses a risk. The record does support that, since 1987, Childress has engaged in furthering his education, sending a son to college, maintaining gainful employment, and now seeks to continue his quest for improved circumstances and being a positive male role model to his children.

**{¶21}** Therefore, we adopt here the analysis applied in *Dozanti*, where we reversed the trial court's determination:

> Under the circumstances of this case, we agree with the logic expressed in *In re Bush*, 10th Dist. Franklin No. 89AP-567 (Dec. 26, 1989), wherein the court stated as follows:

> Although R.C. 2923.14 provides that the trial court may grant the application for relief if the applicant meets all of the statutory criteria, the trial court abused its discretion in not granting appellant's request for relief from disability in this case. There is nothing in the record before us on which the trial court could base its decision other than an arbitrary determination that this particular applicant should not receive the requested relief. R.C. 2923.14 was enacted to provide a procedure whereby a person could secure partial relief from his disability based on his good behavior. See Committee Comment to R.C. 2923.14. The evidence in the record shows that appellant has led an exemplary life since his discharge from imprisonment, and has not had any altercations whatsoever with the law since 1980.

> Consequently, because there is nothing in the record on which the trial court could determine that appellant's request for disability should be denied, the trial court abused its discretion in refusing to grant appellant relief.

*Dozanti*, 8th Dist. Cuyahoga No. 102158, 2015-Ohio-2276, at ¶ 12.

**{¶22}** We also acknowledge that the underlying case was expunged in 2013. In order to grant an expungement, the trial court must determine that "the applicant has been rehabilitated, and the interests of the applicant in having the records sealed outweigh the needs, if any, of the government to maintain those records, the court shall seal the official records of the case." *Strongsville v. J.M.B.*, 8th Dist. Cuyahoga No. 100680, 2014-Ohio-3144, ¶ 11.

**{¶23}** We find that, under the facts and record presented here, the trial court abused its discretion in denying Childress's application. Appellant's assignment of error is sustained.

**{¶24}** Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR