EILEEN T. GALLAGHER, J.:
{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Petitioner-appellant, Richard T. Chrosniak, appeals from the trial court's judgment denying his application for relief from weapons disability. He raises the following assignment of error for our review:
1. The trial court erred and abused its discretion in denying appellant's application for relief from weapons disability under R.C. 2923.14.
{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.
I. Procedural and Factual History
{¶ 3} In September 1990, Chrosniak was convicted of sexual battery in violation of R.C. 2923.14, a felony of the third degree, in Summit C.P. No. CR-1990-05-0897. The trial court imposed a suspended one-year term of imprisonment and placed *1085 Chrosniak on a one-year period of community control. Relevant to Chrosniak's eligibility for relief from his weapons disability, Chrosniak was not required to register as a sex offender.
{¶ 4} In May 2016, Chrosniak filed an application for relief from weapons disability. The state opposed the application, and a hearing was held in November 2016. At the hearing, Chrosniak provided testimony concerning the particulars of his 1990 felony conviction. Chrosniak testified that in 1985, he was intoxicated, naked, and watching pornography before he "passed out on the couch." When Chrosniak woke up, he discovered his five-year old son in the room "without clothes and looking at the pornography." Chrosniak testified that he grabbed his son and "spanked his butt until it was black and blue." In 1989, Chrosniak began attending Alcoholics Anonymous programs. At some point, Chrosniak discussed the incident involving his son with a counselor. Based on the recommendation of his counselor, Chrosniak notified children's services about the incident. Following an investigation by children's services and the Twinsburg Police Department, Chrosniak was indicted by the Summit County Grand Jury for rape of a child under the age of 13. Ultimately, Chrosniak pleaded guilty to the reduced charge of sexual battery in violation of R.C. 2907.03.
{¶ 5} In addition, Chrosniak provided testimony regarding the extent of his law-abiding life following his discharge in December 1991. He stated that he has not been charged or convicted with any offense since the time of his discharge and is gainfully employed as a purchasing and procurement specialist for a Cleveland-area trucking company. Chrosniak has been actively involved in his church, has facilitated an addiction recovery group, and currently provides pastoral counseling for members of his church. Chrosniak further stated that he has earned a masters degree in pastoral counseling and care from Ashland Theological Seminary and has been sober since 1989.
{¶ 6} Chrosniak testified that he sought relief from his weapons disability, in part, so that he could participate in recreational and hunting activities with his friends and family. He stated that he enjoyed target shooting and hunting prior to his felony conviction and that such activities were "part of [his] family heritage."
{¶ 7} During his cross-examination, the state questioned Chrosniak about the specifics of the incident involving his son. Chrosniak testified that he did not know why he "got charged the way [he] did," but admitted that his indictment originated because he told children's services that he and his sons genitals touched during the spanking because they were both naked. At the conclusion of the hearing, the state maintained its opposition to Chrosniak's application, stating "it is the state's position that one convicted of a sexual offense under these circumstances simply ha[s] not established a reason why the disability should be lifted."
{¶ 8} In January 2017, the trial court issued a journal entry, denying Chrosniak's application for relief from weapons disability. The journal entry provided, in pertinent part:
While petitioner testified that family and friends * * * request that he accompany them to go hunting-such testimony being hearsay-no such family or friend witness appeared at the hearing to [testify] that they have requested petitioner to accompany them on such hunting activities. Further, petitioner testified to his 20 years of employment and marriage; however, no other evidence or witness were produced to corroborate this testimony. Finally, this court found *1086 that petitioner's testimony lacked credibility to such an extent that he failed to convince this court of his testimonial assertions at the hearing.
{¶ 9} Chrosniak now appeals from the trial court's judgment denying his application.
II. Law and Analysis
{¶ 10} In his sole assignment of error, Chrosniak argues the trial court erred and abused its discretion in denying his application for relief from weapons disability under R.C. 2923.14. Chrosniak contends that "nothing in the record supports the trial court's determination that [his] testimony was anything other than truthful, and entirely consistent with the elements of R.C. 2923.14."
{¶ 11} "The right to keep and bear arms is a fundamental right enshrined in federal and state constitutional law." State v. Robinson , 2015-Ohio-4649, 48 N.E.3d 1030, ¶ 11. The Second Amendment to the United States Constitution confers an individual right to keep and bear arms. Dist. of Columbia v. Heller , 554 U.S. 570, 595, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). The Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right to keep and bear arms and applies it to the states. McDonald v. Chicago , 561 U.S. 742, 794, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010). This right is not unlimited, but is subject to several longstanding prohibitions, including the possession of firearms by felons. Heller at 626-627, 128 S.Ct. 2783.
{¶ 12} Similarly, the right to keep and bear arms is part of Ohio's heritage and is a fundamental state constitutional right. Klein v. Leis , 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 5, 7 ; Ohio Constitution, Article I, Section 4. Like the federal constitutional right to keep and bear arms, the state constitutional right is also subject to limitations. Klein at ¶ 8.
{¶ 13} R.C. 2923.14 provides the mechanism in Ohio to restore civil rights to felons prohibited from keeping and bearing firearms, by specifying that "[a]ny person who is prohibited from acquiring, having, carrying, or using firearms may apply to the court of common pleas in the county in which the person resides for relief from such prohibition." R.C. 2923.14(A). R.C. 2923.14(D) authorizes a trial court to grant an application for relief from disability if certain requirements are satisfied. The statute provides:
Upon hearing, the court may grant the applicant relief pursuant to this section, if all of the following apply:
(1) One of the following applies:
(a) If the disability is based upon an indictment, a conviction, or an adjudication, the applicant has been fully discharged from imprisonment, community control, post-release control, and parole, or, if the applicant is under indictment, has been released on bail or recognizance.
(b) If the disability is based upon a factor other than an indictment, a conviction, or an adjudication, that factor no longer is applicable to the applicant.
(2) The applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so.
(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms.
(Emphasis added.)
{¶ 14} By using the word "may," the General Assembly has drafted a permissive statute. In re I.A. , 140 Ohio St.3d 203, 2014-Ohio-3155, 16 N.E.3d 653, ¶ 13. Because the determination of whether to grant an application for relief from disability *1087 under R.C. 2923.14(D) is vested within a trial court's broad discretion, "[a] court of appeals reviews a trial court's decision either granting or denying an application for relief from disability under an abuse of discretion standard." State v. Brown , 8th Dist. Cuyahoga No. 96615, 2011-Ohio-5676, 2011 WL 5299304, ¶ 17. A court abuses its discretion when it acts unreasonably, arbitrarily, or unconscionably. Id. , citing State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. , 72 Ohio St.3d 106, 647 N.E.2d 799 (1995).
{¶ 15} On appeal, Chrosniak argues that because the record establishes that he satisfied all of the R.C. 2923.14(D) requirements, the trial court should have granted his application for relief from disability. Chrosniak cites this court's decisions in State v. Dozanti , 8th Dist. Cuyahoga No. 102158, 2015-Ohio-2276, 2015 WL 3647466, and In re Childress , 8th Dist. Cuyahoga No. 103043, 2016-Ohio-814, 2016 WL 860333, in support of his position that the trial court's decision in this case was arbitrary.
{¶ 16} In Dozanti, the applicant was convicted in 1995 for the offense of drug trafficking, a third-degree felony. He was sentenced to 18 months in prison with credit for time served. Dozanti at ¶ 2. In 2014, a hearing was held on Dozanti's application for relief from weapons disability. Dozanti was married with a wife, three children, and seven grandchildren. He had not violated the law for more than 20 years and petitioned the court under R.C. 2923.14 so that he could go hunting with his grandchildren. Id. at ¶ 4. Defense counsel stated that Dozanti was honest, responsible, and a good family man. Id. Eight months after taking the matter under advisement, the trial court issued a ruling denying the application without explanation.
{¶ 17} On appeal, this court reversed the trial court's judgment, finding that "because there is nothing in the record from which the trial court could determine that [Dozanti]'s request for disability should be denied, we find the trial court abused its discretion by denying [Dozanti]'s motion." Id. at ¶ 13. We explained:
The record reflects that [Dozanti] satisfied the requirements of R.C. 2923.14 for relief from weapons disability. Although the trial court retains discretion to grant such relief, its decision must be supported by the record. Here, [Dozanti] demonstrated that he met the statutory requirements. He has led a law-abiding life for over 20 years, and he provided a legitimate basis for his request. There is nothing in the record, other than the obvious history that appellant was involved with trafficking in drugs roughly 25 years earlier and still owned the business where those events occurred, that would support the denial of the motion.
We are conscious that this is a seasoned and thoughtful jurist, and we do not take lightly our decision to find an abuse of discretion. Although findings and reasons are not required by the statute, the record must in some form support the trial court's denial. Where there is nothing since 1995 reflected in the record to support the trial court's decision to deny the request for which it gave no reason, we can only conclude the trial court acted arbitrarily in denying the motion.
Dozanti at ¶ 9-10.
{¶ 18} Similar to the facts of Dozanti , the applicant in In re Childress was convicted of a single count of drug trafficking in 1987. In 2014, Childress filed an application for relief from disability so that he would be eligible for a position with his employer that required him to carry a firearm. The state opposed the application, arguing "that the purpose of R.C. 2923.13, *1088 (the statute governing having weapons while under disability) is to prevent individuals that are considered 'bad risks' from obtaining weapons." In re Childress , 8th Dist. Cuyahoga No. 103043, 2016-Ohio-814, 2016 WL 860333, at ¶ 11.
{¶ 19} At the petition hearing, Childress testified that he had not committed a criminal offense since the time of his 1987 conviction. In addition, Childress testified that he had successfully completed an early childhood education program, obtained an associate's degree, and attended several peace officer training seminars. Following the hearing, the trial court denied Chrosniak's application, stating, in pertinent part:
" R.C. 2923.14 merely permits, but not does require, a trial court to grant an application for relief from disability where a defendant has presented evidence outlined in R.C. 2923.14(D)(1)-(3)."
Id.
{¶ 20} On appeal, this court reversed the trial court's judgment. Applying the Dozanti decision, we found that "other than the 'bad risk' comment by the prosecutor, who also failed to explain the nature of the risk, the record is void of any evidence that Childress poses a risk." Id. at ¶ 20. Accordingly, we adopted the position that "because there is nothing in the record on which the trial court could determine that appellant's request for disability should be denied, the trial court abused its discretion in refusing to grant appellant relief." Id. at ¶ 21, citing Dozanti , 8th Dist. Cuyahoga No. 102158, 2015-Ohio-2276, 2015 WL 3647466, at ¶ 12.
{¶ 21} After careful consideration, we find Dozanti and In re Childress to be factually distinguishable. In each case, the applicants presented testimony that satisfied the elements of R.C. 2923.14(D). However, the convictions addressed in Dozanti and In re Childress involved drug trafficking offenses that, while inherently dangerous, are not classified as violent offenses under the Revised Code. See R.C. 2901.01(A)(9)(a). In contrast, Chrosniak's sexual battery conviction was an offense of violence and related to Chrosniak's inappropriate sexual conduct with his then five-year old son. In our view, the nature and variety of the offenses described in Dozanti and In re Childress are not analogous to the reduced charge of sexual battery involved in this case.
{¶ 22} For these reasons, we find the circumstances presented in this case are more similar to those addressed in this court's decision in Brown , 8th Dist. Cuyahoga No. 96615, 2011-Ohio-5676, 2011 WL 5299304. In Brown , this court upheld the trial court's decision to deny the applicant's petition even though the applicant had not committed a crime in 14 years because the applicant had more than one conviction and had previously committed a crime of violence (attempted kidnapping). Id. at ¶ 14, 22.
{¶ 23} Without addressing the trial court's concerns for Chrosniak's credibility, we agree with Chrosniak's contention that, as in Dozanti and In re Childress , the evidence presented in this case reasonably established that he has led a law-abiding life since the time of his discharge in 1991 and appears likely to continue to do so. However, in addition to the evidence supporting Chrosniak's rehabilitation, the "trial court was free to consider the nature and extent of [Chrosniak's] prior criminal activity in determining that [he] is not a fit subject for relief under R.C. 2923.14." State v. Lerch , 4th Dist. Washington No. 15CA39, 2016-Ohio-2791, 2016 WL 1734991, ¶ 26, citing Brown at ¶ 22. Here, Chrosniak's criminal history was not extensive. However, as in Brown , his 1990 conviction involved an offense that the legislature *1089 has categorically deemed an offense of violence in all instances by way of R.C. 2901.01(A)(9)(a).
{¶ 24} While a prior conviction for an offense of violence does not preclude a trial court from granting an application for relief from weapons disability, it is a relevant circumstance the trial court may weigh in exercising its permissive discretion under R.C. 2923.14 to deny an application. We emphasize that we are "not entitled to substitute our opinion for that of the trial court when such a decision is left within its sound discretion." Brown at ¶ 22. With this principle in mind, we cannot say the trial court abused its discretion in denying Chrosniak's application for relief from statutory disability based on the circumstances of his prior criminal offense. The trial court's decision is supported by the record. Accordingly, Chrosniak's sole assignment of error is overruled.
{¶ 25} Judgment affirmed.
TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR