[Cite as *Gracetech, Inc. v. Perez*, 2020-Ohio-3595.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

GRACETECH INC., ET AL.,            :

    Plaintiffs,            :

                            No. 108948

    v.            :

THEODORE A. PEREZ, ET AL.,            :

    Defendants.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  July 2, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-07-633275

---

### *Appearances:*

Goodwin & Bryan, L.L.P., and Elizabeth A. Goodwin, *as appellee receiver.*

Michael P. Harvey Co., L.P.A., and Michael P. Harvey, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Appellant, Michael P. Harvey Co., L.P.A. (the "Law Firm"), appeals the trial court's denial of its creditor's application for examination.  It raises three assignments of error for our review:

1. The lower court erred as a matter of law in denying a Creditor's R.C. 2735.05 Request for Examination.

2. The lower court's denial of the Creditor's Request for Examination is against the manifest weight of the evidence.

3. The word "may" found in [a] statute does not give a Court unlimited discretion to deny the Request for Examination.

{¶ 2} Finding merit to the Law Firm's first and second assignments of error, we reverse the trial court's judgment and remand for further proceedings.

## I. Factual Background and Procedural History

{¶ 3} This case stems from a 2007 lawsuit in which plaintiffs, Gracetech, Inc. and Marjorie Dorr, brought claims against defendants, Theodore Perez and Precision Security Agency ("Precision"), for tortious interference with business relations or contract, tortious interference with noncompete agreements, conversion of Gracetech's assets, Ohio trade secrets violations, and breach of fiduciary duty. After a jury trial, an appeal, and a second jury trial, in February 2015, judgment was entered in favor of Gracetech and Dorr, and against Perez and Precision, for $1,100,451, including punitive damages and attorney fees. Throughout 2015, the parties engaged in postjudgment motion practice, including motions to stay the proceedings to enforce judgment, to tax costs, for judgment notwithstanding the verdict, for remittitur on the damages award, for attorney fees and sanctions, and for prejudgment interest. Throughout the case, the Law Firm represented Perez and Precision.

{¶ 4} In December 2015, Perez filed a notice of bankruptcy proceeding and automatic stay of the case as against him, and the court applied the stay. In March

2016, Gracetech and Dorr filed an emergency motion to appoint a receiver over Precision, to which Perez and Precision objected, and the trial court denied. In December 2017, Gracetech and Dorr filed a second emergency motion to appoint a receiver over Precision, to which Perez and Precision objected. In March 2018, Gracetech and Dorr filed a notice of relief from stay, and in May 2018 they filed a renewed second emergency motion to appoint a receiver, to which Perez and Precision objected. In August 2018, Gracetech and Dorr filed a third emergency motion to appoint a receiver, to which Perez and Precision objected. In September 2018, Gracetech and Dorr sent garnishment notices to multiple banks. In October 2018, Gracetech and Dorr moved for a judgment debtor exam of Perez, which Perez and Precision opposed and the trial court granted, and the exam took place in December 2018.

{¶ 5} In February 2019, the trial court denied Gracetech's and Dorr's second and renewed second emergency motions as moot and, after a hearing, granted Gracetech's and Dorr's third emergency motion to appoint a receiver over Precision. In March 2019, the trial court appointed Elizabeth Goodwin (the "Receiver") as the receiver over Precision and added her as a party to this case.

{¶ 6} The Order of Powers of Authority of Receiver (the "Receivership Order") states that "[t]he Court finds Defendant [Precision] owes the Plaintiff the sum of $1,106,682.21." The Receivership Order provides that the Receiver is "under the control of the Court," "shall take control of the operations and management" of Precision, and "is hereby ordered to take possession of the goods, equipment, real

estate, revenues, chattels, and other assets of [Precision] and thereafter to operate said business or to sell and convey all of the assets of [Precision] to fulfill the above referenced Judgment subject to the approval of this Court." The Receiver's powers under the Receivership Order include "[c]ontrol[ing] all operations of [Precision] as a going business including but not limited to procuring licensure, procuring insurance, hiring, firing, and other management activities," "[t]racing and acquiring of all assets of [Precision]," and "[t]he performance of any and all acts deemed necessary in the opinion of the Receiver to fully protect the Plaintiffs herein and to preserve, protect, and maximize the highest dollar benefit from said assets including the operation of the business."

{¶ 7} On July 15, 2019, the Law Firm filed a "Creditor's Statutory Application for Examination." In the application, the Law Firm requested that Perez be examined pursuant to R.C. 2735.05 regarding Perez's "property, trade, dealings and other accounts and debts due or claimed" and regarding all matters "for which the Receiver has been appointed." The application also requested to examine the Receiver, "with a full set of up-to-date books and records" of Perez and Precision, including "all accounts payable, receivable, [and] a log of all activities taken since the Receiver has been appointed[.]"

{¶ 8} The Receiver opposed the application, asserting that an examination was not warranted because she was only recently appointed as Precision's receiver and was still in the process of assessing the entity's finances. She maintained that both Perez and Precision had "significant judgments against them," and she was not

aware that the Law Firm had such a judgment or any priority for payment. The Law Firm filed a reply, attaching letters it had sent to the Receiver regarding unpaid legal fees and other matters, claiming that the letters "have gone unanswered." The Law Firm also asserted that although it had been handling Precision's litigation "for many years," the Receiver moved Precision's legal work from the Law Firm to her legal partner.

{¶ 9} On August 1, 2019, the trial court denied the Law Firm's application, finding "that there is no evidence demonstrating that the applicant is a 'creditor' for purposes of R.C. 2735.05." The Law Firm moved for reconsideration, arguing that R.C. 2735.05 does not require proof of a creditor's status and does not define "creditor." The Law Firm attached to its motion a statement of legal fees that Perez and Precision owed it and claimed that neither the Receiver nor Perez disputed the amount of unpaid fees.

{¶ 10} On August 23, 2019, the trial court denied the Law Firm's motion for reconsideration, stating, "In its discretion as provided for in R.C. 2735.05, the court does not find good cause under the circumstances to grant the requested examination."

{¶ 11} On August 29, 2019, the Law Firm appealed only the trial court's August 1, 2019 judgment denying the examination application.

## II. The Law Firm's First Assignment of Error

{¶ 12} The Law Firm contends in its first assignment of error that the trial court erred as a matter of law in denying the application because (1) R.C. 2735.05

does not require the applicant to establish that he or she is a creditor or a judgment creditor; (2) "there is no dispute" that the Law Firm is a creditor of both Perez and Precision; (3) the purpose of the General Assembly in enacting R.C. 2735.05 is to disclose receivers' actions; and (4) the Law Firm sought to examine the Receiver to determine why Perez and Precision stopped paying their legal bills.[1]

{¶ 13} "The interpretation of a statute is a question of law that we review de novo." *State v. Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151, ¶ 25.

{¶ 14} A court's main objective when interpreting a statute is to determine and give effect to the legislative intent. *State ex rel. Solomon v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund*, 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995). We first look to the language of the statute itself to determine the intent of the General Assembly. *Stewart v. Trumbull Cty. Bd. of Elections*, 34 Ohio St.2d 129, 130, 296 N.E.2d 676 (1973). When a statute's meaning is clear and unambiguous, we apply the statute as written. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105-106, 304 N.E.2d 378 (1973). If a legislative definition of a term or phrase is available, we construe the words of the statute accordingly. R.C. 1.42. If a term or phrase is undefined in a statute, we accord it the common, everyday meaning. *Id.*

---

[1] The Law Firm also seems to argue that it is entitled to examine the Receiver because her appointment as receiver itself was improper. As this appeal concerns only the Law Firm's examination application, the issue of the Receiver's appointment is not before us on appeal, and we will not address it. *See Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, 803 N.E.2d 781, ¶ 2, fn. 1.

**{¶ 15}** R.C. 2735.05 states:

On application of the receiver or of a creditor, the court appointing such receiver as provided in section 2735.01 of the Revised Code may, upon reasonable notice, require any person, or officer or director of a corporation, or member of a partnership for which a receiver has been appointed, to attend and submit to an examination on oath as to its property, trade, dealings with others, accounts, and debts due or claimed from it, and as to all other matters concerning the property and estate of the person, partnership, or corporation for which such receiver has been appointed.

**{¶ 16}** The Revised Code does not define the term "creditor." As such, we must accord it the common, everyday meaning. The common, everyday meaning of the term "creditor" is "a person to whom a debt is owing by another person who is the debtor." *Black's Law Dictionary* 368 (6th Ed.1990); *see also Bouvier Law Dictionary* (2012) ("One to whom payment or performance is owed.").

**{¶ 17}** The trial court denied the Law Firm's application for examination because "there is no evidence demonstrating that the applicant is a 'creditor' for purposes of R.C. 2735.05." However, the Law Firm submitted with its reply in support of the examination application letters it had sent to the Receiver regarding unpaid legal fees that Precision owed to the Law Firm. The Receiver did not dispute that Precision owes the Law Firm legal fees. Based on the common, everyday meaning of "creditor," the Law Firm is a creditor of Precision. The trial court's reasoning shows that it misapplied the meaning of "creditor" in R.C. 2735.05.

**{¶ 18}** Accordingly, we sustain the Law Firm's first assignment of error.

## III. The Law Firm's Second Assignment of Error

{¶ 19} We also find merit in the Law Firm's second assignment of error. The Law Firm argues in the alternative in its second assignment of error that the trial court's denial of the examination application "is against the manifest weight of the evidence" for the same reasons as in its first assignment of error. Despite the manner in which the Law Firm titles this assignment of error, it cites the abuse of discretion standard and argues that the trial court abused its discretion, as opposed to making a manifest-weight-of-the-evidence argument.

{¶ 20} We must review the trial court's denial of the examination application for abuse of discretion. R.C. 2735.05 is a permissive statute because it provides that the trial court "may" require a person to submit to an examination. Since the determination of whether to grant an application for examination is vested within the trial court's discretion, we review the trial court's decision for abuse of discretion. *See In re Chrosniak*, 2017-Ohio-7408, 96 N.E.3d 1083, ¶ 14 (8th Dist.) (applying an abuse-of-discretion standard to review a trial court's determination pursuant to R.C. 2923.14(D) because the statute used the term "may," signifying a permissive statute).

{¶ 21} A trial court abuses its discretion if it enters an order that is "unreasonable, arbitrary, or unconscionable," if it "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact," or if its order is "unsupported by competent, credible evidence." *In re M.C.M.*, 8th Dist. Cuyahoga No. 106040, 2018-Ohio-1307, ¶ 17. An abuse of discretion "connotes

that the court's attitude is unreasonable, arbitrary, or unconscionable." *Marketing Assocs. v. Gottlieb*, 8th Dist. Cuyahoga No. 92292, 2010-Ohio-59, ¶ 47.

{¶ 22} The Receiver argues that the trial court did not abuse its discretion because (1) the Law Firm did not state why it wanted the examination, (2) Gracetech's and Dorr's judgment against Precision "dwarfs" the legal fees that Precision owes to the Law Firm, (3) the Law Firm has no secured judgment against Precision, and (4) the Receiver had been Precision's receiver for only four months. However, the Law Firm's reply in support of the examination application explained the reasons for requesting the examination. As previously discussed, the Law Firm is a creditor of Precision based on the common, everyday meaning of the term. The amount Precision owes the Law Firm and the fact that the Law Firm is not a secured creditor are irrelevant. Moreover, the Receiver's argument that she had been the receiver only four months is unpersuasive because Loc.R. 26(A) and (B) of the Court of Common Pleas of Cuyahoga County, General Division, require the Receiver to have filed an inventory of all property and assets within thirty days after taking possession of the property and to have filed reports of "receipts and disbursements with supporting documentation" of her acts and transactions as receiver within three months after appointment.

{¶ 23} A receiver "is a trustee or ministerial officer representing the court[.]" *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991), fn. 4, quoting *Black's Law Dictionary* 1268 (6th Ed.1990). A receiver does not have "unbridled" authority. *Hummer v. Hummer*, 8th Dist. Cuyahoga No. 96132, 2011-

Ohio-3767, ¶ 18. The receiver "is the arm of the court and is at all times subject to the court's order and direction." *Id.* R.C. 2735.04(B) mandates that trial courts exercise "control" over the receivers they appoint. "A trial court must be mindful of its duty to independently monitor and evaluate the conduct of the receiver in relation to the duties assigned." *Id.*

{¶ 24} Loc.R. 26(A) of the Court of Common Pleas of Cuyahoga County, General Division provides that "[a]s soon as practical after his [or her] appointment, and not more than thirty (30) days after taking possession of property, a receiver shall file an inventory of all property and assets in his [or her] possession unless otherwise ordered by the Court." Loc.R. 26(B) further states:

> A receiver shall file reports of receipts and disbursements with supporting documentation of his [or her] acts and transactions as receiver within three (3) months after the date of appointment and at regular intervals every three (3) months thereafter until discharged or at such other times as the Court may direct. Failure to file any report within thirty (30) days after the report is due or ordered shall be grounds for removal without notice and without compensation. Any persons removed as receiver shall be ineligible for any subsequent appointment.

{¶ 25} A review of the court docket in this case reveals a lack of compliance with the local rules. The court docket does not reflect that the Receiver filed an inventory or report in over a year since her appointment. Moreover, the docket does not reflect that the trial court issued an order or judgment requiring the Receiver to file an inventory or report. Nor does the docket show that the trial court stayed the Receiver's obligations during the pendency of this appeal.

{¶ 26} Considering the lack of compliance with the local rules and the Law Firm's allegations of Precision's failure to pay the Law Firm outstanding legal fees, the trial court should have allowed the Law Firm to examine the Receiver and Perez to confirm that the Receiver had been acting within her authority. *See Hummer*, 8th Dist. Cuyahoga No. 96132, 2011-Ohio-3767, at ¶ 25 ("In light of the allegations herein * * * the trial court should, prior to trial, require an accounting and conduct a hearing to ensure that the parties' rights are being adequately protected by the receiver in this matter. The court should review the receivers' actions, including the liquidation of the life insurance policy, and consider whether the receiver has acted within the authority he has been given.").

{¶ 27} The trial court, in denying the Law Firm's application, stated "that there is no evidence demonstrating that the applicant is a 'creditor' for purposes of R.C. 2735.05." The Law Firm submitted with its reply in support of the application documents showing that it was a creditor of Precision within the common, everyday meaning of "creditor." The trial court applied the wrong legal standard in interpreting the term "creditor" and erroneously determined that the Law Firm is not a creditor. Combined with the lack of inventory or report as required by Loc.R. 26(A) and (B), the trial court's denial of the Law Firm's application connotes that the court's attitude was unreasonable and arbitrary. We therefore find that the trial court abused its discretion in denying the Law Firm's examination application.

{¶ 28} Accordingly, we sustain the Law Firm's second assignment of error, rendering its third assignment of error moot.

**{¶ 29}** Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
MARY EILEEN KILBANE, J., CONCUR