[Cite as *Monroe v. Petition for Relief From Firearms Disability*, 2025-Ohio-5048.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DA'BRAD MONROE,                          :

    Plaintiff-Appellant,        :

                                          No. 115011

    v.                                     :

PETITION FOR RELIEF FROM                 :
FIREARMS DISABILITY,

    Defendant-Appellee.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 6, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-109605

---

### *Appearances:*

Da'Brad Monroe, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Michael R. Wajda, Assistant Prosecuting
Attorney, *for appellee.*

LISA B. FORBES, J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to

App.R. 11.1 and Loc.App.R. 11.1. "The purpose of an accelerated appeal is to allow

this court to render a brief and conclusory opinion." *State v. Priest*, 2014-Ohio-1735, ¶ 1.

{¶ 2} Da'Brad Monroe ("Monroe") appeals the judgment denying his application for relief from firearm disability. For the reasons below, we affirm.

## I. Background and Procedural History

{¶ 3} In Cuyahoga C.P. No. CR-18-633437-A, the Cuyahoga County Court of Common Pleas issued a journal entry noting that Monroe pled guilty to, among other offenses, two counts of robbery, third-degree felonies, in violation of R.C.2911.02, and one count of attempted robbery, a fourth-degree felony, in violation of R.C. 2911.02(A)(3)/2923.02. The parties agree that Monroe's convictions prevented him from acquiring, having, carrying, or using a firearm, under R.C. 2923.13(A)(2).

{¶ 4} On January 2, 2025, Monroe filed an application for relief from firearm disability in the Cuyahoga County Court of Common Pleas. His application identified the following reasons for relief: he was in a relationship, had graduated from a college real estate program, and was a veteran. In response, the State argued, among other things, that five warrants remain outstanding for his arrest in Cleveland Heights.

{¶ 5} The case proceeded to a hearing on March 11, 2025. That same day, the court issued a journal entry denying Monroe's application, stating, "Outstanding Warrant(s) in Cleveland Heights Municipal Court preclude the requested relief at this time . . . ."

**{¶ 6}** Monroe appealed, raising the following assignment of error:

> The trial court erred and abused its discretion in [denying] Appellant Da'Brad Monroe's petition for relief from weapons disability.

## II. Law and Analysis

**{¶ 7}** R.C. 2923.14(A) states that "[a]ny person who is prohibited from acquiring, having, carrying, or using firearms may apply to the court of common pleas in the county in which the person resides for relief from such prohibition." The court "may grant the applicant relief," in part upon finding that "the applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so." R.C. 2923.14(D), (D)(1)(b).

**{¶ 8}** We review "a trial court's decision either granting or denying an application for relief from disability under an abuse of discretion standard." *State v. Brown*, 2011-Ohio-5676, ¶ 17 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Abdullah v. Johnson*, 2021-Ohio-3304, ¶ 35. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *W.A.F.P., Inc. v. Sky Fuel Inc.*, 2024-Ohio-3297, ¶ 13 (8th Dist.), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶ 9}** Monroe did not file a hearing transcript with this court. "An appellant's failure to file a transcript or a statement of evidence as required under App.R. 9 results in the court having to presume the regularity of trial-court

proceedings." *In re R.M.H.*, 2025-Ohio-2452, ¶ 38 (8th Dist.). Without a transcript, we are unable to review evidence that Monroe may have introduced at hearing.

{¶ 10} We note that the trial court had discretion to deny Monroe's application based on the gravity of the offenses for which he was convicted. Monroe has been convicted of multiple crimes, including multiple offenses of violence. Monroe pled guilty to two counts of robbery and one count of attempted robbery. *See* R.C. 2901.01(A)(9)(a) (enumerating "[o]ffense[s] of violence," including robbery under R.C. 2911.02). *See also* R.C. 2901.01(A)(9)(d) (an attempt to commit the offenses enumerated in R.C. 2901.01(A)(9)(a) is itself an offense of violence). This court has found that denying an application for relief from disability was not an abuse of discretion, even absent evidence of subsequent unlawful conduct, where the applicant had been convicted of multiple crimes, including an offense of violence. *Brown* at ¶ 14-16. For this reason alone, we find that Monroe has not demonstrated that the trial court abused its discretion by denying his application.

{¶ 11} Furthermore, the court's journal entry discussed information consistent with its finding that Monroe had not led a "law-abiding life since discharge or release." Since 2021, multiple warrants for Monroe's arrest, at least one of which is outstanding, have been issued in Cleveland Heights concerning failures to appear in court. *See State v. Wagner*, 2023-Ohio-1215, ¶ 64 (8th Dist.) ("An appellate court is permitted to take judicial notice of publicly accessible online court dockets."). As the State argued, repeated failure to appear for a court-ordered proceeding is consistent with the court's decision to deny Monroe's application.

{¶ 12} Based on the foregoing, we cannot find that the court abused its discretion by denying Monroe's application. Accordingly the assignment of error is overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR